CASE 118—ACTION BY JAMES E. MACE AGAINST THE ASHLAND COAL & IRON RY. COMPANY, FOR DAMAGES FOR PERSONAL INJURIES.—NOVEMBER 1.

## Mace v. Ashland Coal & Iron Ry. Co.

APPEAL FROM BOYD CIRCUIT COURT—S. G. KINNER. CIRCUIT JUDGE.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. AFFIRMED.

MASTER AND SERVANT—INJURY TO THIRD PERSON—MALICIOUS OR MISCHIEVOUS ACTS OF SERVANT—SCOPE OF AUTHORITY—PLEADING.

Where plaintiff alleged that he was caused to jump from an incline, and sustained the injury sued for, by a sudden warning, either maliciously or mischievously uttered by defendant's servant, when there was no danger or cause for alarm, but it was not alleged that the warning was in any way connected with the servant's duty to defendant, or that he represented defendant in any manner therein the petition did not state a cause of action against defendant.

HOWARD M. BENTON, ATTORNEY FOR APPELLANT.

The petition alleges that appellant was invited to use appellee's "incline," which was the only practical way to return to appellant's boat which transported coal for appellee company, and while being so conveyed appellee's servant excitedly called out to appellant: "Jump for your life," and in so jumping, as he was commanded, he was injured.

We submit that it was the duty of appellee to warn appellant of danger, and that if such danger had in fact existed, and was known to appellee, its failure to warn him, or to use proper care to prevent injury to him would have constituted negligence.

But as no danger existed in this case, appellee owed appellant the duty to refrain from placing the latter in a perilous position by an unreasonable and unnecessary warning which was in the nature of a command.

If this is good law it settles the question of whether or not the act of appellee's servant in hallooing the panic-breeding words of warning, was an independent act of the servant not within the scope of his employment.

## CITATION OF AUTHORITIES.

McPeak v. R. Co., Mo., 4 Am. Neg. Cases, 806; Cumberland & Co. v. Myers, Pa., 10 Am. Neg. Cases, 178; Thomas on Negligence, pp. 1077, 1090, 1091; Flynn v. Cent. R. Co., 142 N. Y., 439; (2d), Shearman & Redfield on Negligence, 704, 141, 147, 148; Twanley v. R. Co., N. Y., 5 Am. Neg. Cases, 217; R. Co. v. Hickey, D. C., 9 Am. Neg Cases, 200; Bischoff v. R. Co., Mo., 4 Am. Neg. Cases, 757; Buel v. R. Co., N. Y., 5 Am. Neg. Cases, 87; Klieber v. R. Co., Mo., 4 Am. Neg. Cases, 664; McPeak v. R. Co., Mo., 4 Am. Neg. Cases, 806; Ephland v. R. Co., Mo., 4 Am. Neg. Cases, 440; S. C. & C. St. Ry. Co. v. Ware, 84 Ky., 267; Watson on Damages for personal Injuries, secs. 85, 86; Killien v. Hyde, 63 Fed., 172; Coulter v. Express Co., 56 N. Y., 585.

PROCTOR K. MALIN, and HAGER & STEWART, ATTORNEYS FOR APPELLEE.

## POINTS AND AUTHORITIES.

1. The act of the servant resulting in the injuries sued for was either:

(a) Wilful, intentional, wanton or reckless, or,

(b) The giving of a false alarm as a prank, frolic or fool practical joke intended to be perpetrated by the servant; therefore, whether the act was inspired by malice, wantonness, or recklessness, on the part of the servant, or was a fool practical joke or prank of the servant and in the doing of it the servant was not in the discharge of performance of any duty to the master, the latter is not responsible.

## AUTHORITIES.

Smith v. L. & N. R. R., 95 Ky., at pages 16 and 17; Shirley v. Billings, 8 Bush, 147; Garretson v. Dunckel, 50 Mo., 104 (11 Am. Rep., 405); Goodloe v. Memphis, &c., R. R., 107 Ala., 233; S C., 54 Am. St. Rep. 67; Pollock on Torts, side page 76; Keating v. Mich. Cent. R. R. Co., 97 Mich, 154 (37 Am. St., 328); Bowles v. O'Connell, 162 Mass., 319 (44 Am. St., 359); Chillicothe v. Raynard, 80 Mo., 185; International, &c. Ry. Co. v. Cooper, 88 Texas, 607 (32 S. W., 517); Walker v. Hannibal & St. J. R. R.,

121 Mo., 575, 42 Am. St., 547, 24 L. R. A., 363; Walton v. N. Y. Cent., 139 Mass.. 556; Winegar's Adm'r. v. Central, &c., Ry. Co.,. 85 Ky., 547.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—AFFIRMING.

This is an appeal from a judgment sustaining a demurrer and dismissing appellant's petition. The only question to be decided upon this appeal is whether the facts alleged are sufficient to support a cause of action.

The plaintiff alleged in substance that appellee was operating a double-track incline to convey coal from its drumhouse on the bluff to coal barges in the river; that plaintiff was the captain of a steamboat anchored in the Ohio river to a deck of barge of appellee, which was at the end of the incline; that he had walked down the incline from the drumhouse close to its lower terminus, when he was called upon by one of defendant's servants to assist him in turning back upon the track a coal car which had been upset; that, after the car had been properly adjusted and he was on the point of stepping from the incline, appellee's servant, in a loud. and warning tone of voice, said: "For God's sake, Cap.,. jump; jump for your life"—and, believing his life to be in danger, he jumped from the incline to the deck of the barge, a distance of five or six feet, thereby sustaining the injuries. sued for; that, as a matter of fact, neither his life nor person were in danger at the time, but the words were spoken by defendant's servant either mischievously or maliciously, with the design to alarm and terrify him.

This court in a number of cases has held the master liable for the malicious acts of the servant when acting in the line of his duty and within the scope of his authority. In Smith,. by, etc., v. L. & N. R. Co., 95 Ky., 11, 15 R., 390, 23 S. W., 652, 22 L. R. A., 72, the plaintiff, a trespasser complained

that a brakeman had kicked him off of a moving train. It was decided that the company was liable "if the servant, in the exercise of his legitimate authority, and within the general scope of his employment and in the line of his duty, used unnecessary force, and used it under circumstances or at a time when the consequences would ordinarily seriously injure the person ejected." But if the servant went beyond the scope of his employment, he was as much a stranger to his master as to any third person, and his acts were in no sense to be regarded as the acts of the master. In Lexington Ry. Co. v. Cozine, 11 Ky., 799, 64 S. W., 848, 23 Ky. Law Rep., 1137, a car conductor demanded fare of a passenger who had by mistake pulled the wrong cord and rung up a fare. The passenger responded that he had already paid his fare, and that, if the car was not stopped to let him off at his alighting point, he would pull the cord again. The conductor thereupon assaulted him. In that case a recovery was permitted on the ground that whilst the assault was unjustifiable, the conductor in the transaction was acting in the line of his duty and in the scope of his authority. This question was again before the court in Williams' Admr. v. Southern Ry. Co. in Ky., 115 Ky., 320, 73 S. W., 779, 24 Ky. Law Rep., 2214. That was a case instituted to recover damages of the railway company for injuries alleged to have been caused by a brakeman throwing a trespasser off the train. It was decided that the plaintiff had a good cause of action against the company, for the reason that the alleged acts of the brakeman were in the discharge of a duty to them, but unnecessarily and brutally performed. So we think it may be fairly deduced that the master is liable in this State for the mischievous or malicious acts of his servant whilst acting in the line of his duty and within the scope of his authority. But this rule has no application where the injury complained of re-

sulted from the malicious or mischievous act of the servant when not acting in the line of his duty or the scope of his authority, or for the purpose of furthering the interest of the master. See Winnegar's Admr. v. Central Passenger Railway Company, 85 Ky., 547, 9 R., 156, 4 S. W., 237. The averments of appellant's petition in this case not only fail to allege that appellee's servant was representing the company in any way in the use of the words which caused appellant to jump from the incline, but in substance allege that the words were false, and either maliciously or mischievously uttered, and not in the discharge of any duty to appellee. We are therefore of the opinion that the averments of the petition fail to state a cause of action.

Judgment affirmed.