## Maggard v. Kentucky King Coal Company.

(Decided June 19, 1925.)

### Appeal from Harlan Circuit Court.

Master and Servant—Shooting by Employe Held Not Within Scope of Employment.—Conceding that it was defendant's employe who shot plaintiff from ambush in belief that he was shooting at another, held that, where he did so in effort to assassinate such other because of personal feeling against him, such shooting was not within apparent scope of his employment, rendering employer liable.

G. G. RAWLINGS for appellant.

HALL, JONES & LEE for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

A little after nine o'clock on the night of May 27, 1922, appellant was shot from ambush, while walking along the Louisville and Nashville Railroad Company's tracks, at a point some 600 or 700 yards from appellee's commissary. For his injuries thus received, he seeks to recover damages from the appellee, upon the theory that the person who shot him was Neal Christian, a deputy sheriff employed by defendant to maintain order in and about its mining camp, and that he shot at plaintiff believing him to be one Jim Lee, with whom Christian had had some trouble a short time theretofore.

Waiving the question, about which there is much argument in brief, as to whether there was sufficient competent evidence that Christian did the shooting to

carry the case to the jury, and coming at once to the vital question involved, there is no evidence whatever, not even a suspicion, that Christian, if he did the shooting, did so in an effort to arrest Jim Lee, or while acting within the scope of his employment by appellee.

The evidence shows that earlier in the day, Lee and Christian attempted to shoot at each other, and there is some evidence indicating that that difficulty resulted from feeling engendered by a previous attempt by Christian to prevent Lee from giving another whiskey in the camp. But all of plaintiff's evidence proves that if Christian did the shooting under the belief he was shooting at Lee instead of plaintiff, he did so in an effort to assassinate Lee because of personal feeling against him, and not in an effort to arrest him, or while acting within the scope of his employment by appellee.

That the case of Robbards v. P. Bannon Sewer Pipe Co., 130 Ky. 380, 113 S. W. 429, and like cases relied upon by appellant, are inapplicable here, is too apparent to admit of serious discussion, since in each of them the liability of the master for the tortious act of the servant is based upon proof indicating that he gave to the servant an authority, or made it his duty to act in respect to the business in which he was engaged when the wrong was committed, and that the act complained of was done in the course of his employment and under such circumstances that the master "will be deemed to have consented to, and authorized the act of the servant."

It is true, of course, that the master will not be excused from liability, although the servant abused his authority, or was reckless in the performance of his duty, or inflicted an unnecessary injury in executing his master's orders, but instead of Christian abusing his authority, or being reckless in the performance of his duty, or inflicting an unnecessary injury in executing his master's orders, he clearly was acting wholly without authority, express or implied, from appellee, because his act, if in fact it was he who shot appellant from ambush in an attempt to assassinate Lee, was not within the apparent scope of his employment by appellee or connected in any way with the performance of any duty he owed it.

It results, therefore, that the court did not err in directing a verdict for the defendant, and the judgment dismissing the action is affirmed.