## Creamer v. Kroger Grocery & Baking Co.
(Decided Oct. 1, 1935.)

M. L. HARBESON for appellant.

GALVIN & TRACY and GALLAGHER & DORR for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

Harold Creamer instituted this action against the Kroger Grocery & Baking Company and Richard Barnes, one of its employees, seeking to recover damages for personal injuries resulting from the discharge of an automatic pistol in the hands of Barnes while he was acting as clerk in his codefendant's store at Seventeenth and Eastern avenue in the city of Covington.

It is alleged in substance in the petition, as amended, that Richard Barnes, at the time of the injury complained of and prior thereto, had been employed by the defendant company in several of its stores and was at the time so employed at its store at Seventeenth and Eastern avenue in the city of Covington; that he was nineteen years of age and was reckless and of immature judgment; that at the time, he owned and possessed a pistol which was kept loaded and which he was accustomed to flourish, display, handle, and use while engaged in the performance of his duties in such store, all of which was known to the manager of the latter's store at Seventeenth and Eastern avenue and to managers of other stores in which he had been employed; that on the day of plaintiff's injury, but prior thereto, Barnes had flourished, handled, and displayed his pistol while engaged in the performance of his duties as a clerk in the store at Seventeenth and Eastern avenue, which was known to the manager in charge of this store, and notwithstanding such knowledge the manager, wantonly, recklessly, and carelessly permitted Barnes to continue in the possession of the loaded pistol; that while plaintiff was a customer in the store at Seventeenth and Eastern avenue, Barnes, either with gross and wanton negligence and carelessness, or intentionally, discharged the pistol; and that the bullet struck plaintiff and inflicted the injuries complained of in the petition.

At the close of the evidence the court sustained a motion for a directed verdict in favor of the Kroger Grocery & Baking Company and dismissed the petition as to it, but as to the other defendant the case went to the jury and resulted in a verdict against him in the sum of $773. From the judgment of the court sustain-

ing the motion of the Kroger Grocery & Baking Company for a directed verdict and dismissing the petition against it, the plaintiff is appealing.

The grounds relied on for reversal call for a brief statement of the facts. As shown by the evidence, appellant and Barnes were friends. When appellant entered the store to purchase a sack of flour, some banter arose between him and Barnes. Barnes stated in substance to appellant that he did not want a sack of flour, but that he (Barnes) knew what he wanted. Appellant jocularly asked the butcher in the store for his meat cleaver as though he were going to use it, and Barnes drew a small automatic pistol from his pocket which accidentally discharged; the bullet striking appellant and inflicting the injuries of which he complains. Appellant admits that there was no ill feeling between him and Barnes and that it was mere play on their part. There is evidence that on the day of the shooting, but prior thereto, Barnes displayed his pistol to the manager and others in the store. It was a small pistol, some stating that it was not much larger than a cigarette lighter. According to the evidence of the manager and others, he told Barnes to put his pistol back in his pocket and not to display or flash it in the store. Appellant offered evidence to show that a day or so before the accident Barnes and the manager of another of the Kroger stores were displaying their pistols and shot through the floor. The court refused to permit this evidence to go to the jury.

It is argued by counsel for appellant that it was the duty of the owners of the store not to invite persons into danger which may be reasonably anticipated, whether arising out of the condition of the premises or out of the acts of employees or others, and that the degree of care required of such owners in the discharge of that duty is commensurate with the dangers reasonably to be anticipated; that loaded firearms are inherently dangerous; and that danger therefrom is reasonably to be anticipated when in the hands of adults and experienced persons and much more so in the hands of minors and youthful persons who by previous acts in handling and using the weapon manifest a want of appreciation of such danger or a reckless disregard of it.

In substance it is argued that the acts and conduct of Barnes in displaying and handling his pistol in the

presence of the manager and employees in the store was such as to lead them to reasonably anticipate that he might inflict injuries upon others.

The law imposes upon persons using firearms or explosives a high degree of care to avoid injuring others, and unquestionably, as concluded by the jury, Barnes failed to exercise such care; but the mere fact that he was, at the time of the accident, in the employment of appellee, does not render it liable for his negligent acts unless at the time he was acting within the scope of his employment. He was engaged as a clerk in the store to perform such duties as are ordinarily required of clerks, and it is not alleged, nor is it even claimed, that it was any part of his duties to engage in pranks or horseplay with customers or to use his pistol in the manner that he did or otherwise. While the manager of the store knew that Barnes had a pistol in his possession which he had displayed to him and to others, there is an utter failure of evidence to show that he was so wanton, careless, or reckless in the use and handling of his pistol as would lead the manager to anticipate danger to the lives and safety of customers and employees in the store, and this is true even if the acts and conduct of Barnes and the manager of another store in the handling of their pistols be taken into consideration. In this connection it may be said that it is unnecessary to determine whether the court erred in refusing to admit evidence as to the acts of Barnes and the manager of another store a few days prior to the accident, since the result would necessarily be the same if such evidence had been admitted.

"The master is responsible only for the acts of the servant within the scope of his employment." Ballard's Adm'x v. L. & N. Ry. Co., 128 Ky. 829, 110 S. W. 296, 297, 33 Ky. Law Rep. 423, 16 L. R. A. (N. S.) 1052.

"If the servant steps aside from his master's business, for however short a time to do an act not connected with such business, the relation of master and servant is for the time suspended." Sullivan v. L. & N. Ry. Co., 115 Ky. 447, 74 S. W. 171, 24 Ky. Law Rep. 2344, 103 Am. St. Rep. 330. While as indicated in Ballard's Adm'x v. L. & N. Ry. Co., supra, it is the duty of the master to exercise ordinary care in the selection of the servant and he is liable if he fails to exercise

548

such care and another is injured by the incapacity of the servant selected, such incapacity must relate to the duties required of the servant. See, also, Mace v. Ashland C. & I. Ry. Co., 118 Ky. 885, 82 S. W. 612, 26 Ky. Law Rep. 865; Maggard v. Kentucky King Coal Co., 209 Ky. 809, 273 S. W. 451; Strader's Adm'rs v. President, etc., of Lexington H. & Mfg. Co., 146 Ky. 580, 142 S. W. 1073; 39 C. J. 1295, 1296.

Manifestly Barnes was not acting within the scope of his employment when the accident occurred, and it is equally manifest that there was nothing in his previous acts and conduct in the handling of his pistol to lead a person of ordinary care and prudence to anticipate that he would inflict injury upon customers in the store. It follows therefore that the court did not err in sustaining appellee's motion for a directed verdict.

Judgment affirmed.