[Civ. No. 11779. Second Appellate District, Division One.—June 2, 1939.]

JACK LANE, a Minor, etc., et al., Appellants, v. THE SAFEWAY STORES, INCORPORATED (a Corporation), et al., Respondents.

Dempster & Dempster and J. H. Creighton for Appellants.

George L. Greer for Respondents.

WHITE, J.—This is an action to recover damages for personal injuries alleged to have been sustained by the minor plaintiff by reason of an alleged wilful assault made upon him by defendant Dick Losee, an employee of defendant The

Safeway Stores, Inc. The amended complaint alleges that the minor plaintiff, Jack Lane, aged nine years, was sent by his mother to a store maintained by defendant corporation in the city of Los Angeles, for the purpose of purchasing, and that the boy did purchase, a washboard from The Safeway Stores, Inc., the sale being made by defendant Dick Losee, acting in his capacity as a clerk and employee in the store of his codefendant. It is further alleged that while the minor plaintiff was in the store consummating the purchase in question, defendant Dick Losee, without any cause or provocation, and while acting in the course and scope of his employment, kicked the minor plaintiff, Jack Lane, upon the hip, causing the boy to fall upon a concrete floor, thereby sustaining injuries to his nose, forehead and hip; for all of which damages were prayed for in the sum of thirty thousand dollars and such sum as might be proven at the trial to have been necessarily expended for medical care and attention in an effort to cure the minor plaintiff of his injuries. The answer of defendant The Safeway Stores, Inc., contained a sufficient denial that defendant Losee was at any time mentioned in the amended complaint acting within the course and scope of his employment by such answering defendant, while the answer of defendant Dick Losee denied kicking the minor plaintiff without cause or provocation or with any "great force or violence", and averred that whatever injuries were sustained by the minor plaintiff were occasioned when the latter, "as such customer indulged in rough play" with the answering defendant Losee.

Trial was by the court sitting without a jury, at the conclusion of which the court made two sets of findings and conclusions of law, and entered two judgments. In one set of findings the court found that defendant Dick Losee was not acting in the course and scope of his employment at the time he kicked the minor plaintiff, and ordered judgment thereon in favor of the defendant The Safeway Stores, Inc. By the other set of findings the court determined that defendant Dick Losee did kick the minor plaintiff, but that the former was not acting in the course and scope of his employment by his codefendant. Based on the last-named findings, judgment was entered in favor of the minor plaintiff and against defendant Dick Losee in the sum of fifty dollars. No findings were made with reference to the second cause of action predi-

cated upon the obligation of plaintiff Claude Lane as father of the minor plaintiff, Jack Lane, for medical expenditures in connection with the treatment of said minor plaintiff for his injuries.

■ The first contention made by appellant is that the court erred in finding that the defendant Dick Losee was not acting in the course and scope of his authority as an employee of defendant corporation at the time he assaulted plaintiff Jack Lane. It is established without conflict in the evidence that there was no argument or dispute between the minor plaintiff and defendant Losee; while the court adopted respondent Losee's version of what took place on the occasion of the alleged wrongful act, epitomizing the incident in the following language when making a summation of the evidence at the close of the trial: "In this particular case I think the boy was fooling around this store, doing like many a boy will do. I think he was mischievous. . . . A man of the size of Mr. Losee, I think he was kicking at him playfully there, and probably kicked harder than he intended." When testifying as a witness at the trial, defendant employee testified: "Well, he" (the minor plaintiff, Jack Lane) "first came in happy, talking with us, talking back and forth with me and with anybody else in the store. We were all talking with him, kidding with him. He went back and got his washboard. At that time I lightly kicked him."

Therefore the question presented to us is whether a clerk who while making a sale to a nine-year-old customer engages in playful repartee with the latter and finally in connection therewith kicks the minor customer, thereby commits a wrongful act while in the service of his employer and within the scope of his employment—that is, in the transaction of the master's business. ■ It is firmly established as the law that where an employee acts without any reference to the service for which he is employed and not for the purpose of performing the work of his employer, but to effect some independent purpose of his own, the employer is not responsible in that case for either the act or omission of the employee. (*Mott* v. *Consumer's Ice Co.*, 73 N. Y. 543.) The test of the master's responsibility for the act of the servant was described in *Cosgrove* v. *Ogden,* 49 N. Y. 255, 257 [10 Am. Rep. 361], as "not whether such act was done according to the instructions of the master to the servant, but whether it is done in

the prosecution of the business that the servant was employed by the master to do." In *Howe* v. *Newmarch*, 12 Allen (Mass.), 49, 57, it was said: "And in an action of tort in the nature of an action on the case, the master is not responsible if the wrong done by the servant is done without his authority, and not for the purpose of executing his orders, or doing his work. So that if the servant, wholly for a purpose of his own, disregarding the object for which he was employed, and not intending by his act to execute it, does an injury to another not within the scope of his employment, the master is not liable. But if the act be done in the execution of the authority given him by his master, and for the purpose of performing what the master has directed, the master will be responsible, whether the wrong done be occasioned by negligence, or by a wanton or reckless purpose to accomplish the master's business in an unlawful manner."

While it is true that responsibility of the employer is not limited exclusively to those acts which promote the objects of the employment, nevertheless, it is essential in order to fix responsibility on the employer that the employee, at the time of doing the wrongful act, must be acting in behalf of the employer and not on his own account. For instance, in the case at bar, if during the negotiations between the employee and the customer in connection with the sale a controversy or dispute had arisen, and the employee wrongfully assaulted the customer, the employer would be liable, because, although the latter did not expressly authorize the employee to commit the tort, it was nevertheless committed in the course of the transaction of the employer's business. ▉ In the case at bar the work which the employee was to perform for defendant corporation was to sell the latter's merchandise, and where, not in connectoin with the service for which he was employed, but to accomplish an independent purpose of his own, he engaged in play with the customer, the relation of master and servant as to that particular conduct did not exist, and the defendant employer cannot be held liable for any damage resulting therefrom. As was said in *Stephenson* v. *Southern Pac. Co.*, 93 Cal. 558, at page 563 [29 Pac. 234, 27 Am. St. Rep. 223, 15 L. R. A. 475]:

"It would not be contended that one who employs another to sprinkle his garden, and places in his hands a hose to be used for that purpose, would be civilly responsible in damages

if, stepping aside from that employment, the servant should, either in sport or from malice, turn the same upon a person quietly passing along the street. In the commission of such an assault the servant would not be acting within the scope of his employment, nor would the hose be used in the transaction of the business of his employer. . . . ''

Section 2338 of the Civil Code, so far as applicable here, reads as follows: ''A principal is responsible to third persons for the negligence of his agent in the transaction of the business of the agency, including wrongful acts committed by such agent in and as a part of the transaction of such business, . . . '' Manifestly, when the defendant employee departed from the course of his duties to engage in a reciprocal act of ''kidding'' with the customer, his conduct was not a part of or in connection with the transaction of his employer's business. While it is true the defendant employee was on duty for the employer, nevertheless the act complained of was the result of a departure from the employer's business and not in the line of the employee's duty. (*Hiroshima* v. *Pacific Gas & Elec. Co.*, 18 Cal. App. (2d) 24 [63 Pac. (2d) 340].) As pointed out in *Stephenson* v. *Southern Pac. Co., supra,* ''The rule of law which makes the master liable to respond in damages for the act or omission of the servant 'implies that the master will not in any case be liable for wrongs committed by the servant while not acting within the scope of his authority. This rule is so reasonable that the grounds on which it rests need scarcely be suggested. In all the affairs of life, men are constantly obliged to act by others; but no one could venture to so act if the mere circumstance that he employed another to act for him about any general or particular business made him an insurer against all wrongs which such persons might possibly commit during the period of such employment.' '' The finding of the trial court that the defendant employee, Dick Losee, was not acting within the course and scope of his employment by his codefendant at the time he kicked the minor plaintiff was therefore correct, and the judgment based thereon in favor of defendant The Safeway Stores, Inc., must be upheld.

It is next contended by appellants that the judgment in favor of the minor plaintiff against defendant Dick Losee for fifty dollars is totally inadequate as compensation for the injuries received by such minor plaintiff. It is true, as urged

by appellants, that there is in the record ample evidence, if believed by the trial court, to support a much more substantial sum than was awarded, but there was also evidence in conflict therewith which would warrant the trial court in concluding that the injury to the minor plaintiff proximately caused by the assault was not severe and merited but nominal damages. While the trial court had the right to disbelieve, as he did, the testimony of certain witnesses and to conclude that the minor plaintiff was, as the trial court put it, "talked to and told what to testify to", yet no rule is more firmly grounded in the law than that which precludes an appellate tribunal from invading the field of the trier of facts unless the evidence relied upon by the trial court may justly be held to be insufficient to support the ultimate issue involved, in which case it is not a review of a question of fact, but purely one of law. Where, as here, it cannot be said that the testimony in contradiction of that offered by plaintiffs is improbable upon its face or is not true, this court cannot impinge upon the prerogatives of the trial court to base a judgment upon such evidence. Testimony, to bear upon its face the brand of improbability, or which may be said to be unbelievable *per se* must involve a claim that the things testified to would not seem possible. Upon the record before us, we cannot so conclude.

However, the judgment in favor of the minor plaintiff, Jack Lane, and against defendant Dick Losee must be reversed, for the reason that the amended complaint contained two causes of action, in the second of which the minor plaintiff's father, Claude Lane, also a party plaintiff, sought for himself to recover the amount of money expended by him or for which he became obligated for medical care in the treatment of his minor son in an effort to cure his son of the injuries allegedly sustained by the latter; and while there was evidence offered upon this issue, the court made no findings thereon. The father, being primarily liable for such medical expenses, was entitled to sue as he did in the instant case for their recovery (*McManus* v. *Arnold Taxi Co.*, 82 Cal. App. 215, 223 [255 Pac. 755]); and it was incumbent upon the trial court to make a finding upon such issue raised in the allegations of the second cause of action and presented to the court for determination by the evidence. In our perusal of the record, we find therein uncontradicted testimony by a physician that shortly after the accident he treated the minor

plaintiff, and thereafter saw him professionally some thirty-three to thirty-five times, for which services, he testified, a fee in the sum of $150 was reasonable. It therefore became necessary for the court to make a finding as to whether or not such medical services were rendered by reason of the injuries sustained as a result of the assault which the court concluded was made upon the minor plaintiff by defendant Dick Losee, and also to make a finding as to the reasonable value of such services, and to give judgment in favor of plaintiff Claude Lane for such amount as the court found to be reasonable and for which said plaintiff Claude Lane would be liable.

The judgment in favor of defendant The Safeway Stores, Inc., and against the plaintiffs is affirmed.

The judgment in favor of the plaintiff Jack Lane and against defendant Dick Losee for the sum of fifty dollars is reversed, and the cause remanded with directions to the court below to make findings upon the issues presented by the allegations of the second cause of action whereby plaintiff Claude Lane seeks to recover the amount of expenses incurred by him for medical treatment of his minor son, plaintiff Jack Lane, and thereafter to reenter judgment in the same amount as heretofore for the minor plaintiff and to enter a judgment on the second cause of action of the amended complaint in accordance with the facts found.

York, P. J., and Doran, J., concurred.