[Civ. No. 12034.   Second Appellate District, Division One.—October 1, 1940.]

HENRY WIERSMA, Appellant, v. CITY OF LONG BEACH (a Municipal Corporation) et al., Respondents.

Frank E. Downey for Appellant.

C. A. Pinkham, George W. Trammell, Jr., City Attorney, Wahlfred Jacobson, Deputy City Attorney, Joseph A. Ball and Frank C. Charvat for Respondents.

YORK, P. J.—It appears from a review of the record herein that prior to July 29, 1937, the City of Long Beach entered into an agreement whereby it leased space in its municipal auditorium to the respondent Jack E. Daro, who was licensed to conduct wrestling matches in the City of Long Beach by the state athletic commission under the fictitious name of Long Beach Wrestling Association.

On July 29, 1937, the appellant purchased a ticket for a wrestling match to be conducted on that date in said municipal auditorium. Inside the auditorium a ring had been erected which was elevated about four feet above the floor in the form of a square, the sides of which were protected by ropes. Appellant occupied a ringside seat near the southeast corner of the ring, and during the course of a wrestling exhibition between Myron Cox and defendant La Verne Bax-

ter, the latter, suddenly and, apparently without provocation, jumped from the ring at the southwest corner thereof, and running toward appellant deliberately struck him over the head with a chair, inflicting painful injuries upon him.

Thereafter, appellant brought the instant action to recover damages for such injuries against his assailant Baxter (who defaulted and against whom judgment was rendered by the trial court), and joined as defendants the respondents herein, to wit: City of Long Beach, Pacific Indemnity Company, Jack E. Daro, doing business as the Long Beach Wrestling Association, and Don W. McDonald. Trial was had before a jury and at the conclusion of appellant's case, the court directed a verdict in favor of said respondents. From the judgment entered pursuant to said verdict, this appeal is prosecuted, as well as from the order by which appellant's motion for a new trial was denied.

Since appellant has not seen fit to file a supplement to his opening brief setting forth his points separately and under appropriate headings, as was suggested by this court in its opinion denying respondents' motion to dismiss this appeal, our review of the record must necessarily be limited to a determination of the propriety of the trial court's action in directing a verdict in favor of the respondents.

With respect to the City of Long Beach, the trial court sustained its objection to the admission in evidence of the agreement between its city manager and respondent Daro concerning the concession for wrestling exhibitions in the municipal auditorium, but by stipulation of counsel for appellant and said city, which was joined in by counsel for Daro, it was agreed that on July 29, 1937, "the city, as a city, permitted the Long Beach Wrestling Association to hold wrestling matches in the auditorium at a rental basis upon a percentage of the gate receipts".

It is here urged by respondent city in support of the directed verdict that (1) the pleadings and proof failed to show that appellant complied with section 338 of the city charter which provides that all claims for damages must be presented to the city council and filed with the city clerk within six months after the occurrence for which the damages arose. (Stats. 1921, p. 2151.) (2) There is a total lack of evidence to show that respondent city had any responsibility for ap-

pellant's injuries (a) under the doctrine of *respondeat superior,* or (2) landlord and tenant.

The evidence presented by appellant at the trial of this cause in April, 1938, affecting the City of Long Beach may be summarized briefly as follows: City owned the auditorium and in 1936 leased it to respondent Daro for one year. On the evening of July 29, 1937, said city permitted respondent Daro to hold wrestling matches in the auditorium "at a rental basis upon a certain percentage of the gate receipts". No claim or demand was presented to the city clerk or the city council prior to the filing of the instant action. On January 27, 1938, a copy of the summons and complaint was filed with the city clerk of the City of Long Beach, who presented it to the city council on January 28, 1938.

Since the presentation of a claim is a condition precedent to the filing of suit for damages against the city (*Bancroft* v. *City of San Diego,* 120 Cal. 432, 439 [52 Pac. 712]), no cause of action accrued in favor of appellant until after the filing of such claim (*Bigelow* v. *City of Los Angeles,* 141 Cal. 503, 507 [75 Pac. 111]; *Spencer* v. *City of Los Angeles,* 180 Cal. 103, 119 [179 Pac. 163]; *Western Salt Co.* v. *City of San Diego,* 181 Cal. 696, 697 [186 Pac. 345); therefore, the original complaint filed by appellant on August 21, 1937, which failed to allege that prior thereto a claim had been presented pursuant to said section 338 of the city charter, was insufficient to state a cause of action against respondent city. And this is true despite the fact that appellant was permitted to file an amendment to his complaint during the trial in April, 1938, alleging compliance with the provisions of said section 338, *supra,* by presenting on January 27, 1938, to the city clerk for filing with the city council a copy of the complaint and summons which had originally been filed five months prior thereto. This holding finds support in the decision in the case of *Turney* v. *Shattuck,* 96 Cal. App. 590, where it is said at page 596 [274 Pac. 442], "If a party has no cause of action at the time of the institution of his action, he cannot maintain it by filing a supplemental complaint founded on matters which have subsequently occurred." See, also, *Kirk* v. *Culley,* 202 Cal. 501, 507 [261 Pac. 994], and authorities there cited.

At the trial herein it was stipulated that respondent Daro was licensed to conduct wrestling matches in Long Beach under the name of Long Beach Wrestling Association; that

respondent McDonald was Daro's manager; and it was proved that defendant La Verne Baxter was wrestling in the ring at the municipal auditorium on the evening in question, but under whose authority he was wrestling there is an entire lack of proof.

The only connection respondent city had with the transaction under consideration was through its ownership of the municipal auditorium, and even though it had been established that respondent city was liable for the acts of defendant Baxter within the scope of his employment, said city could not be bound under the doctrine of *respondeat superior* for the reason that a master is not responsible for the wilful torts of his servants. (*Lane* v. *Safeway Stores, Inc.,* 33 Cal. App. (2d) 169, 173 [91 Pac. (2d) 160], citing *Stevenson* v. *Southern Pacific Co.,* 93 Cal. 558, 563 [29 Pac. 234, 27 Am. St. Rep. 223, 15 L. R. A. 475].)

While the concession agreement is doubtless sufficient to establish the relation of landlord and tenant between respondents city and Daro, nevertheless, a landlord cannot be held liable for the torts of a tenant. In the case of *Meloy* v. *City of Santa Monica,* 124 Cal. App. 622, 628 [12 Pac. (2d) 1072, it was stated: "A landlord is not responsible to other parties for the misconduct or injurious acts of his tenant to whom his estate has been leased for a lawful and proper purpose, when there is no nuisance or illegal structure upon it at the time of the letting. (*Gould* v. *Stafford,* 91 Cal. 146 [27 Pac. 543]; . . . *Kalis* v. *Shattuck,* 69 Cal. 593 [11 Pac. 346, 58 Am. Rep. 568]. . . . )"

There was no error on the part of the trial court in directing a verdict in favor of the respondent city.

The only proof offered to connect the Pacific Indemnity Company with the incident complained of was the concession agreement or lease between respondents city and Daro, and the policy of liability insurance issued by said Indemnity Company. Neither document was admitted into evidence but they were marked plaintiff's exhibits Nos. 1 and 2 for identification, respectively.

The concession agreement provided for a policy of liability insurance in the following terms:

. "Concessionaire agrees to save and hold the City free and harmless from any and all responsibility and/or liability in connection with injury to the person and/or property sustained and/or suffered by any participant in any such ex-

hibition, the manager or any employee of any such participant, employee of the City and/or Concessionaire when not on duty, patron, and/or any other person during the entire period of any occupancy hereunder permitted and licensed. The Concessionaire hereby agrees in partial performance of the provisions of this paragraph to procure, coincident with the execution of this license, a policy of liability insurance . . . protecting the City against any and all liability for such injury, loss and/or damage as aforesaid; such policy . . . shall be in the following amounts, to-wit: for death or injury to the person, a maximum of . . . $25,000.00 for death of or injury sustained by one person in any accident, and a maximum of . . . $100,000.00 for death or injuries sustained by more than one person in any one accident. . . . The Concessionaire shall deliver said policy to the City Manager for approval. . . . ''

Pursuant to this agreement respondent Daro obtained a policy of liability insurance from respondent Indemnity Company which named as assureds, Jack E. Daro, an individual, and/or Jack E. Daro, doing business as Long Beach Wrestling Association, and/or the City of Long Beach and/or its elective and/or appointive officers, when acting as such, and covered ''wrestling or boxing exhibitions conducted by Jack E. Daro, doing business as Long Beach Wrestling Association, at or in Long Beach Municipal Auditorium, Long Beach, California. Basis of Premium Computation $.553 per $100.00 of gross receipts to be applied to all operations covered by this policy. . . . 1. To insure the assured against loss by reason of the liability imposed by law upon the assured for damages on account of such injuries, and to pay and satisfy judgment finally establishing assured's liability in actions defended by the Company. . . . ''

It is clear that said lease agreement only required respondent Daro to obtain a policy of insurance indemnifying city from liability for injury, loss or damage, and that respondent Indemnity Company by the terms of its policy contracted to insure respondents Daro and city, but not the general public or the patrons of the wrestling exhibitions. Until a judgment is rendered against Daro or the city, the assureds have no liability and have suffered no loss under the policy. See *Van Derhoof* v. *Chambon*, 121 Cal. App. 118, 127 [8 Pac. (2d) 925].

■ Because the premium rate was based upon gross receipts appellant urges that this constituted the Indemnity Company a partner of respondent Daro. There is no merit in this contention. The policy is the usual form of insurance contract requiring a premium proportionate to the risk involved, and this risk is measured by the number of patrons attending the exhibitions.

With regard to respondents Daro and McDonald, while the complaint herein alleges these two men were partners doing business under the name of Long Beach Wrestling Association, it was stipulated at the trial that McDonald "was the manager of Jack Daro who was licensed to conduct wrestling bouts in Long Beach by the State Athletic Commission, doing business as the Long Beach Wrestling Association".

There is not the slightest indication that respondent Daro was negligent in any way or that he did not use ordinary care to protect his patrons from any dangers which could be anticipated. ■ Moreover, it was clearly established both by the pleadings and proof that defendant Baxter committed a deliberate and malicious assault upon appellant which had no connection whatsoever with the wrestling exhibition. Whether defendant Baxter was an independent contractor or was an employee of respondent Daro is immaterial, for the reason that if the relationship of employer and employee existed between them, respondent Daro would not be liable for the tortious acts of Baxter committed entirely outside the scope of his designated employment as a participant in a wrestling exhibition.

It was stated by this court in the opinion in *Lane* v. *Safeway Stores, Inc.*, 33 Cal. App. (2d) 169, 172 [91 Pac. (2d) 160]: "It is firmly established as the law that where an employee acts without any reference to the service for which he is employed and not for the purpose of performing the work of his employer, but to effect some independent purpose of his own, the employer is not responsible in that case for either the act or omission of the employee."

■ Respondent Daro and his manager, McDonald, were only required to anticipate reasonably probable happenings, and in order to prevent injury to patrons were only required to use ordinary care. The tort complained of herein was one which under the circumstances could not have been anticipated by any of the respondents; consequently, they cannot be held to respond in damages on account thereof.

Viewing the record in the light most favorable to appellant, it is obvious that there is no evidence of sufficient substantiality to support a verdict in his favor, if such a verdict were rendered. (See 24 Cal. Jur. 914, note 2, and authorities there cited.)

For the reasons stated, the judgment is affirmed. The appeal from the order denying appellant's motion for new trial is dismissed.

Doran, J., and White, J., concurred.