MOLKENBUHR, J.
I dissent as far as the defendant Double Play Tavern is concerned.
This ease is covered by section 2338, Civil Code, which reads in part as follows:
“A principal is responsible to third persons for . . . wrongful acts committed by the agent m and as a pari of the transaction of such business. . . .” (Emphasis added.)
- It is my opinion that the act of the left fielder in deliberately throwing "the ball over the fence, out of the park,' across the adjoining; street and into a gas station, after the game was *Supp. 854 over, where it struck respondent, was not an act “in and as a part of the principal’s business—that of playing baseball.” (Lane v. Safeway Stores, Inc., 33 Cal.App.2d 169, 173 [91 P.2d 160]; Atlanta Baseball Co. v. Lawrence, 38 Ga.App. 497 [144 S.B. 351] (where the pitcher left the field and went into the stands to assault one who had been ‘ ‘ razzing ” or “ chiding ’ ’ him); Yates v. Taft Lodge, 6 Cal.App.2d 389 [44 P.2d 409]; Wiersma v. City of Long Beach, 41 Cal.App.2d 8 [106 P.2d 245] (where one employed to wrestle left the ring and assaulted a spectator).) In my opinion, the player, through his own personal disgust and anger, departed from performing in and as a part of the business of his employer (if he was such) when he threw the ball out of the park for no good reason except to gain some personal satisfaction.
“Though the principal is required to anticipate any reasonable probable happening, the tort herein complained of was one which under ordinary circumstances could not have been anticipated, consequently the defendant should not be held liable.” (Wiersma v. City of Long Beach, supra, at p. 15.) I doubt if anyone has ever before seen such an act as the one done here.
“Courts have held at a matter of law that an employee at the time of the tortious conduct in question was not acting within the scope of his employment when the evidence clearly showed an abandonment thereof. Similarly, where the evidence clearly discloses and is clearly susceptible of but the one single conclusion that the employee’s wrongful act was committed in and as a part of the employer’s business, the Court should so decide as a matter of law.” (Fields v. Sanders, 29 Cal.2d 834, 842, 843 [180 P.2d 684, 172 A.L.R. 525].)
The Hiroshima case (Hiroshima v. Pacific Gas & Elec. Co., 18 Cal.App.2d 24 [63 P.2d 340]) involved an assault by an employee upon a customer over the payment of a bill which the employee was endeavoring to collect while engaged in the business of his employer, namely, collecting money in the payment of services. The Field case involved an assault between the drivers of two vehicles following an altercation between the drivers as to whether the defendant’s truck struck the plaintiff’s automobile. In these two cases the wrongful act was committed in the course of action inextricably intertwined with the services to their respective employers—to collect money, etc., and to drive a truck, etc. But can it be said in the instant case that the act of the player in deliberately throwing the ball out of the park because of anger, dis *Supp. 855 gust, or some whimsical idea on his part was performing in and as a part of the principal’s business? I think not.
I appreciate that the rule in California in these types of cases has been tremendously extended, but there must be a line drawn somewhere; otherwise, employers will be responsible for every act of an employee during his hours of employment, and this whether or not the act is in and as a part of the employer’s business.
I find the following language in Lane v. Safeway Stores, supra:
“It would not be contended that one who employs another to sprinkle his garden, and places in his hands a hose to be used for that purpose, would be civilly responsible in damages if, stepping aside from that employment, the servant should, either in sport or from malice, turn the same upon a person quietly passing along the street. In the commission of such an assault the servant would not be acting within the scope of his employment, nor would the hose be used in the transaction of the business of his employer. ’ ’
I am unable to see any distinction between the example in the Lane case and the instant case.