GREAT A & P TEA CO., Inc. (a body corporate), Appellant,

v.

Sydney F. AVEILHE and Arthur C. Aveilhe, Appellees.

No. 1644.

Municipal Court of Appeals for the District of Columbia.

Argued June 13, 1955.

Decided July 25, 1955.

Rehearing Denied Sept. 8, 1955.

Frank N. Johnson, pro se.

Vernon E. West, Corp. Counsel, Chester H. Gray, Principal Asst. Corp. Counsel, Milton D. Korman, Harry L. Walker and Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., for respondent.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

John P. Arness, Washington, D. C., for appellant.

Joseph A. McMenamin, Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

This is an appeal from judgments based upon jury verdicts awarded plaintiffs against appellant, the A & P Company, as a result of injuries sustained by Mrs. Aveilhe while a customer in appellant's store. Her husband, Arthur C. Aveilhe, recovered for the loss of consortium.

Two assignments of error are raised on this appeal. Appellant argues that the trial court erred in denying its motion for a directed verdict after both parties had completed their case and that improper instructions were given the jury regarding the definition of "scope of employment."

Mrs. Aveilhe testified that she and her adult son entered appellant's place of business and made several purchases. While waiting for her son to have certain of the articles weighed, she stood approximately seven or eight feet from the weighing stand located in the center of an aisle. Her back was approximately four feet from a glassware and canned goods counter. After standing there for a short interval, she felt something strike the calf of her left leg causing her to be jostled forward toward the center of the aisle. She stated that she did not fall and noticed only that a clerk had fallen against her.

Her son testified that while standing at the weighing stand he noticed a clerk stacking goods on the glassware and canned goods counter to which his mother's back was facing. He saw a second clerk walk up from the rear of the store, stop and talk to the first clerk, and heard them laugh. He then saw the second clerk grab the shoulder of the first clerk, who was at that time in a squatting position, causing the latter to lose his balance; that in falling

backward the clerk struck Mrs. Aveilhe's leg.

The clerk who had been stacking the goods testified that he lost his balance and in falling backward came in contact with Mrs. Aveilhe's leg. He denied having any conversation or having engaged in any "horseplay" with the second clerk prior to the accident. Although the second clerk testified that he was in the vicinity at the time of the incident, both he and the assistant manager corroborated the testimony of the first clerk.

Counsel for appellant made a motion for a directed verdict at the conclusion of all of the evidence on the ground that no evidence had been introduced to warrant a conclusion by the jury that the employees' actions were such as could be construed to be within the scope of their employment. Inasmuch as we hold the denial of this motion to have been reversible error, such holding disposes of the case and it will be unnecessary for us to consider the question pertaining to the correctness of the instructions.

At the outset it should be noted that the sole basis for recovery upon which appellees rely is one founded upon the doctrine of respondeat superior—a principal being liable for the acts of his agents committed within the scope of their employment.[1] We find no allegation by appellees, nor do we find any evidence in the record to indicate, that appellant was negligent in failing to exercise ordinary care in the employing or retention of its personnel. Cf. Fleming v. Bronfin, D.C.Mun.App., 80 A.2d 915; Priest v. F. W. Woolworth Five & Ten Cent Store, 228 Mo.App. 23, 62 S.W.

2d 926. Therefore the sole issue for determination in a case of this nature is whether the act which was the proximate cause of the injury was within the scope of the employment of appellant's employees, and this, as a general rule, has been held to be a question of fact for the jury to determine.[2] However, if the employee's departure from his master's business is of such a marked and decided character, the question becomes one of law for the court,[3] and this we find to be the case here.

In ruling upon a motion for a directed verdict, the court must construe the evidence most favorably to the plaintiff and give it the full effect of every legitimate inference that could be drawn therefrom. If upon the evidence so construed reasonable men might differ in resolving the question, the motion should be denied. On the other hand, if no reasonable man could reach a verdict in favor of that party against whom the motion is sought, the motion should be granted.[4] We must therefore determine whether the record reveals any evidence from which a jury could find that the act causing Mrs. Aveilhe's injuries was committed within the scope of the employment.

The testimony offered by appellees, necessarily binding upon them,[5] was that both clerks of appellant were talking and laughing prior to the incident; that one employee grabbed his co-worker causing him to fall against Mrs. Aveilhe. Although the clerk ultimately coming in contact with the injured plaintiff was, at least up to the point at which he was approached by his companion, performing the duties of his employer in stacking the

---

1. See Washington Gaslight Co. v. Lansden, 172 U.S. 534, 19 S.Ct. 296, 43 L.Ed. 543; Park Transfer Co. v. Lumbermens Mut. Casualty Co., 79 U.S.App.D.C. 48, 142 F.2d 100; Dilli v. Johnson, 71 App. D.C. 139, 107 F.2d 669; Axman v. Washington Gaslight Co., 38 App.D.C. 150.

2. M. J. Uline Co. v. Cashdan, 84 U.S.App. D.C. 58, 171 F.2d 132; Dilli v. Johnson, supra.

3. Grimes v. B. F. Saul Co., 60 App.D.C. 47, 47 F.2d 409; Postal Telegraph-Cable Co. v. Thomas, 65 App.D.C. 351, 83 F.2d 608; Tipton v. Western Union Telegraph Co., D.C.D.C., 68 F.Supp. 854.

4. Gunning v. Cooley, 281 U.S. 90, 50 S.Ct. 231, 74 L.Ed. 720; Shewmaker v. Capital Transit Co., 79 U.S.App.D.C. 102, 143 F.2d 142.

5. Postal Telegraph-Cable Co. v. Thomas, supra.

counter, we must look to the act which caused the injury in order to determine whether that act resulted in a temporary termination of the master-servant relationship.

The state of the employee's mind at the time the act is committed is material in determining whether that act is within the scope of his employment. He must be actuated, at least to some extent, by an intent to serve his employer, and although the employee's motive in committing the act is not conclusive in deciding the question, it plays an important part therein.[6]

It has been said that "* * * the moment the agent turns aside from the business of the principal and commits an independent trespass, the principal is not liable. The agent is not then acting within the scope of his authority in the business of the principal, but in the furtherance of his own ends." Axman v. Washington Gaslight Co., supra. See also Johnson v. M. J. Uline Co., D.C.Mun.App., 40 A.2d 260; Great Atlantic & Pacific Tea Co. v. Cox, 51 Ga.App. 880, 181 S.E. 788; Priest v. F. W. Woolworth Five & Ten Cent Store, supra; Lane v. Safeway Stores, 33 Cal.App.2d 169, 91 P.2d 160; Creamer v. Kroger Grocery & Baking Co., 260 Ky. 544, 86 S.W.2d 288; Sullivan v. Crowley, 307 Mass. 189, 29 N.E.2d 769.

The doctrine was set forth in Evers v. Krouse, 70 N.J.L. 653, 58 A. 181, 66 L.R.A. 592, wherein it was said:

"An act done by the servant while engaged in the work of his master may be entirely disconnected therefrom—done, not as a means or for the purpose of performing that work, but solely for the accomplishment of the independent malicious or mischievous purpose of the servant. Such an act is not, as a matter of fact, the act of the master, in any sense, and should not be deemed to be so as a matter of law. As to it the relation of master and servant does not exist between the parties, and for the injury resulting to a third person from it the servant alone should be held responsible."

When the one clerk seized the shoulder of his co-worker causing the latter to fall, it would call for a distortion of the imagination to perceive of any motive, other than a personal one, which could be attributed to the act. Surely it was not one furthering appellant's interests. In turning aside from the duties assigned them by appellant, for however short a time, in order to engage in sport or playfulness for their own amusement, they were not for that time acting for their employer, and any resulting injuries are not such as to be answerable for by their employer.[7]

In Goodloe v. Memphis & C. R. Co., 107 Ala. 233, 18 So. 166, 167, 29 L.R.A. 729, two employees of the defendant railroad company, while engaging in a friendly scuffle on the platform at defendant's railroad station, accidently knocked the plaintiff off the platform. In holding for the defendant, the court said, "* * * what occurred between them [employees] was in sport. What these parties did to cause plaintiff's injury, was not in the line of their respective engagements, or that of either of them, to their employer; * * * it was the result of the conduct of these employés who, in the commission of the injurious act, however innocently done, had stepped aside from the purposes of the agency committed to them, and inflicted an independent wrong on the plaintiff; and they, if anybody, and not the defendant company, are liable for it."

We fail to see how a jury, on the facts in this case, could reasonably infer that a

---

6. Restatement, Agency, § 235(a); 114 A. L.R. 1033 and cases cited therein.

7. See Lowry v. Anderson-Berney Bldg. Co., 139 Tex. 29, 161 S.W.2d 459; Galveston, H. & S. A. R. Co. v. Currie, 100 Tex. 136, 96 S.W. 1073, 10 L.R.A.,N.S., 367; 57 C.J.S., Master and Servant, § 574c, p. 327.

series of events consisting of two store clerks conversing, laughing, and one pulling upon the other causing him to fall into a bystanding customer, could be of any benefit to their employer,[8] or in furtherance of the duties assigned to them.[9]

Their purpose was clearly not one in pursuance of the interests of appellant, but rather, a satisfaction of a personal mischievous whim.

Reversed.

8. Cf. Axman v. Washington Gaslight Co., supra.

9. Oneta v. Paul Tocci Co., 271 App.Div. 681, 67 N.Y.S.2d 795, affirmed 297 N.Y. 629, 75 N.E.2d 743.