James Benjamin SIMS, Jr., Appellant,

v.

**EAST WASHINGTON RAILWAY COMPA-
NY, a foreign corporation, Appellee.**

No. 3941.

District of Columbia Court of Appeals.

Argued July 11, 1966.

Decided Sept. 20, 1966.

James S. Brocard, Washington, D.C., for appellant.

Paul J. Sedgwick, Washington, D.C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge:

This is an appeal from a directed verdict for appellee (defendant below) in a suit for personal injuries sustained by appellant in a railroad crossing accident.

At the trial, appellant testified that he was familiar with the crossing and that he stopped his truck one foot from the nearest rail of the tracks. He neither saw any flagman nor saw or heard any train approaching and was unaware of the danger until his helper Willis exclaimed that a train was coming around the bend. Appellant stated that by this time it was so close he could do nothing but sit there.

Willis, who was seated beside appellant in the truck, testified that appellant first stopped five feet from the nearest rail and then drove onto the tracks about one foot. Willis then saw the flagman running alongside of or in front of the approaching train waving his flag and yelling for appellant to move, at which time Willis left the truck and was not injured. On cross-examination he admitted that in a pretrial deposition he had stated that the truck stalled on the tracks. Appellant offered into evidence five photographs of the scene of the accident and rested his case.

According to the flagman's testimony, he was on the tracks and waving his flag when appellant was still 125 feet away. He stated that in spite of his warnings, appellant stopped the truck on the first rail and remained there until impact. He estimated the speed of the train at no more than three to five miles per hour. His testimony was corroborated in part by the engineer who stated that he had sent the flagman well ahead of the train, that the train was traveling two or three miles per hour, and that it consisted of eight fully loaded coal cars, each forty feet in length.

Appellee moved for a directed verdict and appellant, during argument, expressly repudiated reliance on the doctrine of last clear chance. The motion was granted and this appeal followed.

■ It is fundamental that in acting on a defendant's motion for a directed verdict, the trial court must view the evidence in the light most favorable to the plaintiff, and may only take the case from the jury if no reasonable man could reach a verdict in his favor. Shewmaker v. Capital Transit Co., 79 U.S.App.D.C. 102, 143 F.2d 142 (1944); Great A & P Tea Co. v. Aveilhe, D.C.Mun.App., 116 A.2d 162 (1955). In the instant case the trial judge was correct in assuming for the purpose of the motion that no flagman was at the crossing and that appellee was therefore negligent.

■ The photographs show that at the railroad crossing the street is at least fifty feet wide, and that there is approximately fifteen feet of unobstructed space between the curb to the driver's left and certain shrubbery surrounding a two-story building farther to his left. Viewing the evidence in the light most favorable to appellant, it is clear, as the trial judge found, that if the collision occurred as he drove onto the tracks, the train would have been in plain sight when he first stopped, whether he was at that time one foot or five feet from the nearest rail. Appellant would have had a clear view of the lead coal car when it was ten to twenty seconds from the point of impact (taking into account the undisputed testimony that the train's speed was between two and five miles per hour). Having stopped, he had the clear duty not to proceed until it was safe to do so. Furthermore, the law is well settled that if a litigant looks but fails to see that which the evidence conclusively shows is there to be seen, he is contributorily negligent as a matter of law. Glaria v. Washington Southern R. Co., 30 App.D.C. 559, 566 (1908); Brown v. Clancy, D.C.Mun.App., 43 A.2d 296 (1945).

■ Even if we accept as true the statements made by Willis in his deposition to the effect that the truck stalled on the tracks, we are of the opinion that appellant was still contributorily negligent as a matter of law. He made no attempt to leave the vehicle although the facts show that he would have had sufficient time to do so. Any argument that he did not have the opportunity to get out safely (as Willis did) would indicate that the train was too close and therefore should have been seen earlier.

The trial court's ruling is supported by the record and will not be disturbed on appeal.

Affirmed.