**Howard SMITH**

v.

**HOBART MANUFACTURING CO.**

v.

**HOLIDAY FROSTED FOOD CO.**

Civ. A. No. 23264.

United States District Court
E. D. Pennsylvania.

May 22, 1961.

See also D.C., 188 F.Supp. 135.

Klovsky & Kuby, by Benjamin Kuby, Philadelphia, Pa., for plaintiff.

Pepper, Hamilton & Scheetz, by John B. Hannum, III, Philadelphia, Pa., for Hobart.

John J. McDevitt, III, Philadelphia, Pa., for Holiday.

WOOD, District Judge.

We have tried this case twice. At the conclusion of the first trial, the defendant Hobart made a motion for judgment N.O.V., asserting grounds in support thereof which are substantially the same grounds as are set forth in the present motion. The defendant's position is that as a matter of law any negligence in designing the meat grinder, which the jury may have ascribed to Hobart, could not render Hobart liable for the plaintiff's injuries because the grinder was not being used for the purpose for which it was intended when it was operated by the plaintiff without the guard in place. Putting it another way, the defendant contends that the removal of the guard by the employees of the third-party defendant was an independent force which amounted to a superseding cause, thus breaking the chain of causation between any negligence on the part of Hobart and the plaintiff's injuries.

We adumbrated the facts of this case in our first opinion denying the defendant's motion for judgment N.O.V. Smith v. Hobart Mfg. Co. (Smith v. Holiday Frosted Food Co.), D.C.1960, 185 F.Supp. 751. We think our reasons for denying the motion then are applicable

to the present motion. (See headnotes one through four of that opinion.) The defendant has urged that since the jury returned a verdict against the Holiday Frosted Foods Company, it must necessarily have found Holiday negligent in removing the guard from the grinder and must have found that that negligence was the proximate cause of the plaintiff's injuries. From this, the defendant apparently concludes that any negligence on the part of Hobart could only have been a remote cause of the plaintiff's injuries. This argument overlooks the fact that the jury was instructed by the trial judge that it could conclude that *both* Hobart and Holiday were at fault in causing the plaintiff's injuries, and that in such event, a verdict could be returned against Hobart and against Holiday, *providing* that the jury found that the negligence of each was a proximate cause of the injuries.

We add here a second reference to § 28.10 of "The Law of Torts" by Harper and James. That section states that if negligent design creates an unreasonable risk of harm to the plaintiff, the manufacturer's liability to the plaintiff is generally *not* cut off by an intervening act—in this case the removal of the guard from the grinder by the third-party defendant—*even though that intervening act was negligent and no harm would have come to the plaintiff without it,* providing such intervening act was foreseeable. It has been our view that reasonable men could differ on whether or not the operation of the machine without the guard was foreseeable; therefore, we think the question was one for the jury.

 The jury was instructed that foreseeability was an important factor in the case, and that one who commits a negligent act is responsible for it if it should have been reasonably anticipated or foreseen that the failure to act prudently would cause harm. The question, thus posed in terms of proximate causation, was resolved by the jury against Hobart, with the necessary implication that the jury found the injury foresee-

able even though the machine was being operated without the guard. For these reasons, we think that the defendant's motion for judgment N.O.V. should be denied.

As an alternative to its motion for judgment N.O.V., the defendant seeks a new trial. The ground asserted is that the trial judge erred in his instructions to the jury with regard to the statutory law of the Commonwealth of Pennsylvania and the Regulations of the Department of Labor and Industry promulgated thereunder. A short description of the function of the statute and regulations at the trial will clarify our ruling on this motion.

The General Safety Law (43 P.S. §§ 25–1 through 15) provides for the safety of persons employed within the Commonwealth. The Act regulates the construction of buildings wherein persons are employed, the guarding of machinery, etc. Penalties for non-compliance are provided. Section 25–12 provides that the Department of Labor and Industry shall make regulations for carrying into effect all the provisions of the Act. Rule 4 of the Department's Regulations for Miscellaneous Hazards and Conditions of Employment, provides as follows:

"Meat Grinding

"(a) All power-driven meat grinders of the worm type shall be so constructed that meat can be safely fed to the worm by one of the following methods:

"1. By a mechanical method of feeding the worm.

"2. By the use of a permanently attached neck to the cylinder enclosing the worm which shall have an opening of not more than 2½ inches in diameter at a point at least 4½ inches above the worm.

"3. Other means of protection may be provided when approved by the Industrial Board.

"Approved January 12, 1927."

The function of the Department of Labor and Industry's Bureau of Industrial Standards was explained at the trial by

its director, Mr. T. A. Oravecz. He said, "The Bureau of Industrial Standards, as the name more or less implies by 'Industrial Standards', is the agency which acts as the initiating office, the clearinghouse for forging ahead in the drafting the proposal, the writing, the maintaining of safety regulations up to date in the Commonwealth of Pennsylvania. In addition, a very important item is the consideration of approval of various devices and safety appliances which are required to be considered by the Industrial Board and which are referred to the Bureau of Industrial Standards as the engineering office to make a determined analysis and recommendation of report * * *" (NT172). "During the month of August of 1955, * * * the entire inspection staff, including Bureau directors, undertook a program, a five-week training program, on the techniques of safety inspection and investigation to be conducted throughout the Commonwealth in line with the specific workings and duties of the Department of Labor and Industry." (NT173). With this explanation, Mr. Oravecz proceeded to testify that the Hobart grinder did not comply with Rule 4 of the Department's Regulations. He also testified, as an expert in his own right, that in his opinion the Hobart machine was not reasonably safe for the operator and should have been designed so as to include one or more of three separate safety devices known to the industry. In addition, the plaintiff produced another expert who testified to the existence and necessity of the same sort of safety devices.

The jury having been presented with the evidence described above, the trial judge instructed the jury on the role of the expert witness in a case of this kind and also instructed them that they could consider the Safety Law and the Regulations of the Department of Labor and Industry *as a factor* in their deliberations when they were deciding whether the design of the Hobart grinder was reasonably safe or whether Hobart was negligent in failing to include some of the safety devices described in the evidence. It must be emphasized that the jury was instructed *in all of the common elements of the law of negligence,* and was *not* merely told that if they found a violation of the Safety Law or the Regulations that the defendant Hobart would be liable.

Throughout the trial, counsel for Hobart took the position that the Safety Law and the Regulations did not "apply" to Hobart, since the statutory language clearly indicated the intention of the Legislature to compel *employers* to use only certain type machinery, or to guard machinery properly. This contention was extended by counsel for Hobart so as to form a basis for objection to the presentation of any evidence of what the Pennsylvania law and the Department's Regulations were as regards meat grinders. Now, in his motion for a new trial, counsel for defendant argues that it was error for the trial judge to allow the jury to decide whether the Safety Law and the Regulations "applied" to Hobart. "Construction and application [of statutes] is for the Court *not* for the jury," says counsel. However, as we view this case, it was never necessary for anyone to "construe" or "apply" the statute. An example of cases in which statutes must be construed and applied are cases in which the defendant is charged with having violated the statute and the question to be decided is whether the penalties provided for in the statute are to be imposed on the defendant. Obviously, that was not the situation in the case at bar. We specifically told the jury, "We are not here trying Hobart as to whether they violated the laws of the Commonwealth or not." (Charge of the Court, p. 370.) Another example of cases in which statutes are construed and applied are cases in which the Court thinks it appropriate to charge the jury that if they find a violation of the statute, they may return a verdict against the defendant. In such "negligence per se" cases, the Court has determined that the statute was designed to protect a class of persons,

of which the plaintiff was a member, against the type of harm which plaintiff suffered. As we understand the law under such circumstances, the Court is justified in instructing the jury that any violation of the statute, which was a proximate cause of the plaintiff's injuries, imposes liability upon the defendant. But in the case at bar, the jury was instructed to return a verdict against Hobart only if they found that Hobart had been *negligent*. They were told what negligence is, and were instructed to decide whether or not Hobart had acted with reasonable prudence in adopting the design of the meat grinder.

It is black letter law that Courts and not juries construe and apply statutes. But we think counsel for defendant misunderstands the function that the statute served in this case. This was not a proceeding under the statute: nor was the rule of "negligence per se" involved. Rather, this was an ordinary negligence action in which the General Safety Law and the Regulations were before the jury as evidence of the considered judgment of the Commonwealth of Pennsylvania as to the safety features of design necessary to make a meat grinder a reasonably safe machine. The jury had the General Safety Law and the Regulations before it as a guide, a standard, by which they could compare the actual design of the Hobart grinder with the features of safety design required to be present on machinery used in places of employment in Pennsylvania. We think that such evidence was pertinent to the questions of whether Hobart could have, or should have, provided this grinder with additional features of safety devices. We can perceive no other sense in which a discussion of the so-called "applicability" of the statute and regulations to Hobart is germane to the case at bar.

### Order.

And now, to wit, this 22, day of May, 1961, it is hereby ordered that the defendant Hobart's motion for judgment n. o. v. is denied; the defendant Hobart's motion for a new trial is denied.