Leopold W. MAHLER and Helen E. Mahler, his wife, and Bertha Ebertsheim, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 17923.

United States District Court
W. D. Pennsylvania.

June 30, 1961.

As Amended Sept. 15, 1961.

Nathan Schwartz and Robert A. Cohen, Pittsburgh, Pa., for plaintiffs.

Joseph Langbart, Tort Section, Civ. Div., Dept. of Justice, Washington, D. C., and George Sewak, Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

McILVAINE, District Judge.

This is a suit under the Federal Tort Claims Act seeking damages for personal injuries and property damage sustained by the plaintiffs in a car accident that occurred on September 21, 1958. On that evening plaintiff Leopold W. Mahler was operating an automobile in a westerly direction on the Penn Lincoln Parkway on the extreme right-hand lane. Plaintiffs Helen E. Mahler and Bertha Ebertsheim were passengers in his automobile. The weather was clear and the road was dry. Plaintiff Leopold Mahler was operating his vehicle at a speed of approximately 35 MPH upon the parkway, which is at this point a six-lane concrete highway, three lanes in each direction. When he had reached a point approximately 500 feet west of the Bates Street Exit, and proceeding toward the ramp leading toward the Boulevard of the Allies, a large rock, together with other smaller rocks, earth, and debris, it is alleged, suddenly and without warning fell or rolled down from the hillside immediately on the right side of the Parkway directly in front and onto the front end of plaintiffs' automobile. There was a collision causing serious injuries to the plaintiffs.

That evening the lane in which he was proceeding was open to traffic although there may have been some minor rock slides earlier in the day. Slides had occurred on occasion prior to this accident, and this lane had been closed on other occasions. The plaintiffs allege that there was negligence on the part of agents or employees of the federal government which was the proximate cause of this accident. They allege that certain employees of the federal government participated with employees of the Department of Highways of the Commonwealth of Pennsylvania in the design of the projected highway. They allege that the design of the highway was a joint effort of the United States and the Commonwealth of Pennsylvania. They allege that the federal employees failed to review and discuss the nature and composition of the hillside involved here; that there was inadequate provision made for

the safety of highway users. They further allege that no experts were called in by the federal government to review the core borings and design specifications as they pertained to the hillside. Nevertheless, the plans were approved by the federal government, and federal money was made available for this project. When construction began the Federal Bureau of Public Roads had its employee inspect the job, and they allege that the inspector was not qualified to make inspections. The inspection consisted merely of an on-the-spot review of the entire project during a few hour periods once a month, and that the inspector never discussed the problem concerning the hillside. They allege that if the federal government was dissatisfied with the design they could have cut off funds, but they never did this. They further allege that the federal government was negligent in its supervision of the maintenance of the highway. The Government only had one individual to inspect the highway, and he inspected this section of the parkway only on one occasion and reported that the maintenance of the highway was normal.

The plaintiffs propose to offer evidence that this hillside was dangerous, and that it was of such a nature that it had a tendency to form fissures resulting in rock falls and slides, that knowing this there should have been precautions taken that were not taken.

■ The Government has filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C. asserting that the complaint does not state a cause of action against the United States, for the reason that the claim is based on the discretionary function exception of the Tort Claims Act, 28 U.S.C. 2680(a), and that Section 7 of the Federal Road Act, 23 U.S.C. § 48,[1] excepts the United States from liability. There have been extensive arguments and voluminous briefs filed in this case. The question before the Court is very clear and rather simple. Its answer, however, is neither clear nor is it simple. The issue is whether under the facts, as we have attempted to set them forth, the United States may be held liable for this accident. The Government seems to assert that it is exempt from liability in this case due to the discretionary function exception to the Federal Tort Claims Act. However, it appears to this Court that the most logical way to approach this is to review this rather complex total relationship alleged here in its simplest terms. For in order to hold anyone liable in any type of tort relationship there first must be a duty owed to a person who is injured. There must be a breach of that duty, the breach must come about as a result of negligent activities, and that negligence should be the proximate cause of the accident and injury on which the complainant seeks redress. This is, of course, subject to the age-old theory of contributory negligence, and then all of those are subject to those exceptions that would immune someone from liability that would otherwise be imposed. Many of these are familiar to us, such as, the charitable institutions, and the immunity of the sovereign. Here the immunity of the sovereign—the United States—has been waived, except in certain situations, but before we can decide whether there has been a waiver of the Government's immunity or whether the act is an exception to the waiver, we should first determine whether there is a duty owed by the United States to this plaintiff. Therefore, we must determine what is the duty that the United States owes to

[1]. Although the Government cites this section of the Act and relies on it, it appears that this section was repealed by the Act of August 27, 1958, 72 Stat. 885, § 2 subd. 1. Thus, the Act on which the Government relied had been repealed at the time of this accident. It might be a question as to whether these obligations were retained by the savings clause of the Act in Section 4. However, in the new Act 23 U.S.C.A. § 116, a similar provision exists in the law as under the old Act; that is, if the state does not properly maintain the road, the Secretary could withhold approval of future projects under certain circumstances.

this plaintiff, and how has it breached that duty?

In order to determine whether there is any duty owed to this plaintiff, the Tort Claims Act directs that liability be imposed on the government where there is a negligent or a wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b). This means that there must be liability under the law of the state in which the wrongful act allegedly took place.

The plaintiffs assert that the duty owed by the United States to them arises under the provisions of the statutes dealing with the federal aid to highways.

At 23 U.S.C. § 13, the Act provides that all

"The construction * * * and all contracts, plans, specifications, and estimates relating thereto, shall be undertaken by the State Highway Departments subject to the approval of the Secretary of Agriculture. The construction and reconstruction work and labor in each State shall be done in accordance with its laws and under the direct supervision of the State Highway Department, subject to the inspection and approval of the Secretary of Agriculture and in accordance with the rules and regulations pursuant to this chapter."[2]

The plaintiffs take the position that this section requires inspection approval of contracts, plans, specifications and estimates relating to the construction. They urge that this is a mandatory requirement of the law. Then they urge that under § 114(a) of Title 23 U.S.C.A. it is a mandatory duty on the part of the Secretary of Agriculture to inspect and approve the work of the State highway departments.

The act further provides that if at any time the Secretary of Agriculture shall find that any road in any state is not being properly maintained, he shall give notice of such fact to the highway department of such state, and if within four months the road has not been put in a proper condition of maintenance, he shall thereafter refuse to approve any project for road construction in this state. See 23 U.S.C. § 48.[3]

In attempting to determine this motion, we have been met immediately by the assertion of the Government that they are immune from liability under the Federal Tort Claims Act because of the so-called discretionary function. And, on the other hand, we are met by the assertion of the plaintiffs that the Federal Highway Act imposes a liability that is mandatory. We cannot agree with either side as to the approach to this problem.

We have endeavored to point out that we feel the Tort Claims Act is a statute that waived the liability of the United States for certain tortious acts of its employees where a private individual or a private employer would be liable for the act of such employee under the law of state in which the act occurred. The plaintiffs have not shown any law by which an individual employer would be liable for the negligent act of an employee in the Commonwealth of Pennsylvania under such circumstances. Nevertheless, we will direct our attention to such a study and attempt to determine the answer to the question. The allegation of the plaintiff is that the Government of the United States acting through its agents and employees was negligent in its approval of the plans and specifications submitted for the construction of this section of the highway, and was negligent in its supervision of the maintenance of the highway. The duty, if any, was imposed by federal law and not state

**2.** See 23 U.S.C.A. § 114 for the provision of the present Act, and the Act in effect at the time of this accident which is similar to the old Act which the Government cites and relies upon as well as counsel for the plaintiffs.

**3.** See Note 1, ante.

law. The Government in making these funds available is like a donor. The issue as we see it is whether there is a duty upon a donor who gives money to another for the purposes of construction and maintenance of an operation and whether such donor is liable if the donor's employees fail to see that the construction work and the maintenance of the operation after construction are properly carried out in a situation in which the donor reserves the right to supervise, inspect, and cut off further contributions.

■ Assuming as we must for the purposes of this motion that employees of the federal government were negligent in carrying out their duties imposed under the federal highway program, is such negligence the basis for liability under the Tort Claims Act?

■ The Restatement of the Law of Torts has been followed by the Supreme Court of Pennsylvania, and would appear to contain the principles of law which the Supreme Court in enunciating the tort law in the Commonwealth of Pennsylvania would follow. Section 288 of the Restatement of the Law of Torts provides as follows:

"The violation of a legislative enactment by doing a prohibited act or by failing to do a required act, does not make the actor liable for an invasion of an interest of another caused thereby, if the enactment is designed exclusively:

"(a) to protect the interests of the state or municipality, as such, or

"(b) to secure to individuals the enjoyment of rights or privileges to which they are entitled only as members of the public, or

"(c) to impose upon the actor the performance of a service which the state or municipality undertakes to give to the public, except where the actor is under a contract duty to perform a service which the state or municipality is under a legal duty to give."

■ Here we are assuming for the purposes of the motion that the employee violated the federal enactment of inspection and supervision, but we feel that it is obvious that this enactment was designed exclusively to protect the interest of the United States to see that its monies were properly expended on plans which the federal authorities and the state authorities had worked out. We do not think that merely because the donor gives money to someone in order that the donee might construct a project or a building could impose liability on the donor. To do so, we would in effect say that any donor who makes a contribution to someone and reserves rights to inspect and approve the way money is spent would be held liable for any negligent act of the donee in the construction or the maintenance of the project. Such a principle of law would be completely foreign to the concept of tort law as we know it. To discuss every principle applicable would be to write a treatise on the law of torts. Certainly no judge should attempt to do that in one opinion. What we have tried to do here has been to set forth the issue as we see it. The problem presented has not been easy. The plaintiffs have endeavored to impose an unusual basis of liability. The Government instead of approaching this case on what we think would have been a sound and simple legal basis immediately has asserted the problem and the question of the discretionary exception to the Federal Tort Claims Act. We have had arguments asserted as to the proprietary functions of government, mandatory requirements of government, and discretionary functions of government. While these are interesting questions, and ones on which great volumes can be written, we do not see the propriety of such questions in this case. We simply hold that there is no duty imposed by the law of the state in which this accident happened upon the United States whereby a private person would be liable to the claimant herein in accordance with the law in the place where the act occurred. Without such a duty being imposed by state law, there can be no liability under the Federal Tort Claims Act. If the tort claims

law is to be broadened to include coverage such as the plaintiff claims here, such a broadening of the Federal Tort Claims Act must come from Congress and not from this Court. We conclude that the Government's motion for summary judgment must be granted.