**John R. JONES, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 76-1044**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

June 23, 1976.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

**54**

Max. P. Engel, Miami, Fla., for plaintiff-appellant.

Robert W. Rust, U. S. Atty., John Steven Berk, Asst. U. S. Atty., Miami, Fla., for defendant-appellee.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

RONEY, Circuit Judge:

John R. Jones sought damages against the United States of America under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346(b), 2674, for injuries received while he was incarcerated in the United States Penitentiary in Georgia. At a nonjury trial, the district court found no breach of the duty of care owed to plaintiff by the defendant, through the Bureau of Prisons, as provided in 18 U.S.C.A. § 4042, and entered a judgment for defendant. We affirm.

Plaintiff was housed in the Honors Dormitory at the federal penitentiary in Atlanta, Georgia. In October 1973, plaintiff was assaulted by an unknown assailant and suffered an injury which left a permanent scar on the left side of his face. The district court found that the prison authorities were not on notice of the real possibility or probability of physical danger to the plaintiff in the Honors Dormitory during the hours in which the assault occurred.

■ The duty of care owed by defendant, through the Bureau of Prisons, is provided by 18 U.S.C.A. § 4042, and requires the exercise of ordinary diligence to keep prisoners safe and free from harm. The Government is not an insurer of the safety of a prisoner. *Muniz v. United States,* 280 F.Supp. 542 (S.D.N.Y.1968); *Fleishour v. United States,* 244 F.Supp. 762 (N.D.Ill. 1965), *aff'd on different grounds,* 365 F.2d 126 (7th Cir.), *cert. denied,* 385 U.S. 987, 87 S.Ct. 597, 17 L.Ed.2d 448 (1966). In order to recover, a plaintiff must show that the Government was negligent in the exercise of its responsibilities. *Williams v. United States,* 384 F.Supp. 579 (D.D.C.1974);

*Johnson v. United States,* 258 F.Supp. 372 (E.D.Va.1966).

■ Since the Supreme Court's decision in *United States v. Muniz,* 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963), which held that federal prisoners may sue the Government under the Federal Tort Claims Act, courts have uniformly held that prison officials must have broad discretion, free from judicial intervention, in classifying prisoners in terms of their custodial status. *See* 60 Am.Jur.2d *Penal and Correctional Institutions* § 23 (1972); Annot., 41 A.L. R.3d 1021(1972).

■ In the instant case, Jones received a minimum custody classification, and upon his own request was assigned to the Honors Dormitory where he and other inmates could function without constant supervision and without restriction, except for periodic checks. At no time prior to the assault had the personnel in Atlanta been advised directly or indirectly of any problems existing between Jones and another inmate. Jones had not requested special protection or segregation from the general inmate population. On the night of the attack, there had been no extraordinary incidents in the institution. There was no apparent group tension and no other problems had been observed by the correctional staff.

There is no evidence in this case upon which plaintiff could ground a claim under *Cohen v. United States,* 252 F.Supp. 679 (N.D.Ga.1966), *rev'd on other grounds,* 389 F.2d 689 (5th Cir. 1967), upon which he relies. In *Cohen* an inmate previously diagnosed by prison psychiatrists as being psychotic, psychopathic and paranoid, who had been placed in maximum segregation, having been classified as "unmanageable or dangerous," escaped and attacked inmate Cohen during his period of escape. The court allowed recovery finding that the Government was negligent in regard to its supervision of the assailant inmate, and thus breached its duty to Cohen "to exercise ordinary care for the prisoner's protection and to keep him safe and free from harm." 252 F.Supp. at 687.

On the record in this case, we find no error in the district court's determination that the defendant was not negligent toward plaintiff and did not breach the duty of care required by law.

AFFIRMED.