**Leonard D. WALKER, Plaintiff,**

v.

**UNITED STATES of America, United States Department of Justice, Bureau of Prisons and John Doe 1–4, Defendants.**

**Civ. No. 75–1015.**

United States District Court,
D. Oregon.

July 1, 1977.

William B. Wyllie, Salem, Or., for plaintiff.

Sidney I. Lezak, U. S. Atty., Jeffrey L. Rogers, Asst. U. S. Atty., Portland, Or., for defendants.

## OPINION

SOLOMON, Senior District Judge:

Plaintiff, Leonard Walker, was an inmate at the United States Penitentiary, McNeil Island, Steilacoom, Washington, serving a 20-year sentence for aiding and abetting a bank robbery.

While he was confined, he borrowed money from Harry Clardy, another inmate, in violation of prison rules. Walker testified that he gave this money to another inmate, apparently for the purchase of drugs. Walker later paid Clardy the amount he borrowed, but refused to pay him any interest. By reason of this refusal, Clardy threatened Walker on a number of occasions. Walker tried to pacify Clardy, but was unsuccessful. Nevertheless, Walker did not notify the prison authorities so that he could be moved to a place of safety either at McNeil Island or some other institution.

On the morning of October 27, 1974, Walker received information that Clardy intended to kill him. In spite of this information, Walker did not notify the authorities. Instead, in violation of the rules, he secured a knife from another inmate and brought it to his cell. He also placed a table in front of the entranceway of his cell to prevent or retard Clardy from entering his cell. Later, however, Clardy with another inmate (Tucker) came to his cell, entered it, and stabbed Walker. They were assisted by two other inmates who acted as lookouts and attempted to distract other people.

Walker filed this action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671, *et seq.* This Court has jurisdiction under 28 U.S.C. §§ 1346(b) and 2679.

He alleges that the authorities at the institution were guilty of many acts of negligence in not enforcing the rules and regulations and in failing to search for contraband knives. He also charges that Officer Smith saw the assailants, knew that they were in a different cellblock without permission, and failed to prevent the assault even though he could have done it.

There is a sharp conflict in the testimony. Smith testified that he saw Tucker and Clardy, but that they were merely standing there. He did not see them take any threatening action, nor did he observe any weapon. There were other inmates in the area because this was shower time. Smith also testified that as he was leaving the area, he recalled that neither Tucker nor Clardy belonged in this cellblock. He therefore immediately called Tyler, a fellow officer, for assistance so they could investigate why these two inmates were in a different cellblock. He returned to the area of Walker's cell within two minutes of the time he first saw them. Walker had already been stabbed.

I accept the testimony of Smith, and I find that he and the other guards and institutional personnel acted reasonably in view of all the circumstances.

■ Being an inmate in a penitentiary after having committed a crime of violence subjects an inmate to certain risks, particularly when he, himself, commits acts which are in violation of penitentiary rules and which have a tendency to aggravate, if not inflame, other inmates whom he knows have violent dispositions. It is unreasonable to expect that the authorities can make a penitentiary a risk-free institution.

■ I find that Walker failed to establish by a preponderance of the evidence that either the guards or the correctional officers were guilty of negligence which caused or contributed to plaintiff's injuries.

■ I also find that Walker, by his own conduct, placed himself in a position of danger; that his failure to seek protection from prison authorities in the face of a known danger compounded that danger; and that by reason of his own conduct he suffered injuries which he should have anticipated.

This opinion shall constitute findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52(a).