**William V. TURNER, Plaintiff,**

v.

**H.G. MILLER, Warden, et al., Defendants.**

**Civ. No. 85–1596.**

United States District Court, M.D. Pennsylvania.

Aug. 24, 1987.

William Vance Turner, pro se.

Barbara L. Kosik, Asst. U.S. Atty., Scranton, Pa., for defendants.

## MEMORANDUM AND ORDER

NEALON, Chief Judge.

This case centers upon plaintiff's allegations that prison guards at U.S.P.–Lewisburg, PA were negligent in allowing a fellow prisoner to assault him on November 29, 1984. By Orders dated February 20, 1987 and May 21, 1987, the court set forth the factual and procedural background of this case and entered judgment in favor of all defendants except the United States. *See* documents 42 and 57 of the record, respectively. In the May 21, 1987 Order, the court stated:

There remains in the case [only] plaintiff's FTCA claim against the United States (footnote omitted). Despite the urgings of the court in its previous orders, the parties have not yet addressed the FTCA claim. The court will direct the parties to submit briefs addressing the propriety of the FTCA claim.... The summary judgment motion of the United States will be held in abeyance pending the submission of this information.

*See* document 57 at 6–7. The court then ordered the parties to submit briefs concerning plaintiff's FTCA claim.

The United States submitted a Response on June 11, 1987. The government argues that plaintiff has failed to sustain his burden of establishing negligence. Plaintiff has not responded to the court's May 21, 1987 Order.

For the reasons set forth below, the court will grant judgment in favor of the United States.

## DISCUSSION

█ Initially, the court notes that plaintiff's failure to respond to the May 21, 1987 Order constitutes grounds for dismissal on the basis of failure to prosecute. *See* Fed. R.Civ.P. 41(b). As noted above, the court in its May 21, 1987 Order pointed out that the parties had ignored the FTCA claim throughout the proceedings in this case and directed both the United States and plaintiff to address the merits of that claim. Moreover, in response to plaintiff's letter dated June 24, 1987, the Clerk of Court on June 30, 1987 sent copies of the May 21, 1987 Order and of the government's Response to plaintiff's new address. In his letter accompanying these documents, the Clerk of Court stated, "Please note, your response is due immediately." *See* document 63. Despite the court's directive, plaintiff has not pursued his FTCA claim.

In any event, the United States is entitled to summary judgment in its favor under the present state of the record. When examining a motion for summary judgment, the court must view all facts in the light most favorable to the party opposing the motion. *Betz Laboratories, Inc. v. Hines*, 647 F.2d 402 (3d Cir.1981). If there exists a genuine issue as to any material fact, summary judgment must be denied. Fed.R.Civ.P. 56(c). On the other hand, a

party opposing a motion for summary judgment cannot rest on the allegations in his complaint. Instead, that party must present evidentiary affidavits or risk having the undisputed statements contained in the movant's affidavits taken as true. *See* Fed.R.Civ.P. 56(e); *see also Sierra v. Lehigh County Pennsylvania*, 617 F.Supp. 427 (E.D.Pa.1985). As no genuine issue of material fact here exists, summary judgment will be granted in favor of the United States.

■ The FTCA renders the United States answerable in damages for the simple negligence of its employees in failing to protect federal prisoners. *United States v. Muniz*, 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963); *Brown v. United States*, 486 F.2d 284, 288 (8th Cir.1973). Under the FTCA, the law of the place where the alleged act or omission occurred is to be applied. 28 U.S.C.A. § 1346(b); *Smith v. United States*, 437 F.Supp. 1004, 1005 (E.D.Pa.1977). Nevertheless, 18 U.S. C.A. § 4042 governs the government's duty of care in cases involving injury to federal prisoners. *Hossic v. United States*, 682 F.Supp. 23 (M.D.Pa.1987).

It is unreasonable to expect that the authorities can make a penitentiary a risk-free institution. *Walker v. United States*, 437 F.Supp. 1081, 1082 (D.Or.1977). Thus, section 4042 requires ordinary diligence to keep prisoners safe from harm. *Hossic, supra* at 25. More, specifically, "[t]he duty imposed upon a jailer vis a vis his prisoner is 'to exercise reasonable care and diligence to protect the prisoner from danger, *known to or which might reasonably be apprehended by him.*'" *Id.* at 25 (quoting *Muniz v. United States*, 280 F.Supp. 542, 547 (S.D.N.Y.1968) (emphasis added).

Viewing the allegations in the light most favorable to plaintiff, as is required, the following fact situation is presented. On November 29, 1984, plaintiff informed defendant London that his life was in danger and supposedly requested that London not place him in a holding cell with other inmates. Subsequently, another inmate who had threatened plaintiff in the past allegedly walked by London, entered the holding cell in which plaintiff was located, and proceeded to assault plaintiff. According to plaintiff's Complaint, two or three minutes elapsed between the time London left the holding cell and the assailant entered the cell. Furthermore, plaintiff admits in his Complaint that prison officials quickly intervened and broke up the assault shortly after it began. Plaintiff does not claim that London was present when the assault took place, was contemporaneously aware of the assault, or witnessed the other inmate enter the holding cell. *See* document 57 of the record at 2–3 n. 3.

Plaintiff also alleges that he "warned" defendant Swinehart on the day before the alleged assault occurred. Aside from this warning, plaintiff alleged no further connection between defendant Swinehart and the alleged assault. More important, plaintiff failed to explain any details of the warning given to Swinehart. For example, plaintiff did not alleged that he informed Swinehart who the assailant would be, why he was concerned for his safety, when the attack was to occur, or how the assailant would gain access to the plaintiff.

In response to plaintiff's allegations, the defendants filed unsworn declarations that complied with the requirements of 28 U.S. C. § 1746. Both London and Swinehart stated that they were not aware of any need for additional protection for plaintiff, that plaintiff never expressed his safety concerns to them, and that they first learned of the alleged assault through this litigation. *See* London declaration at ¶ 6–9 and Swinehart declaration at ¶ 4–8. Again, plaintiff's response to these declarations consists of merely generalities that do not specifically contradict the defendants' statements. *See* document 38 of the record.

Accepting all of plaintiff's allegations as true, they are insufficient to establish that the defendants failed to exercise ordinary care. Basically, plaintiff alleges that he expressed concern in the most general of terms that he might be assaulted and that he was in fact subsequently assaulted. Despite the repeated urgings of the court,

plaintiff has failed to provide the court with specific facts regarding the alleged warnings and assault. Plaintiff has never alleged that he warned the defendants specifically about the inmate who allegedly assaulted him or about any particular past incidents or threats. Plaintiff has never alleged that the defendants knew of any potential danger that the alleged assailant posed to plaintiff or knew that the alleged assailant was in the immediate area of the holding cell on the day of the assault. Finally, the plaintiff has never alleged that he expressed any specific concerns for his safety in relation to any particular inmate or the procedures surrounding his transfer. In fact, plaintiff has failed to date to even respond to the defendants' request for summary judgment on the FTCA claim, although such response was due on June 26, 1987.

On the other hand, the defendants have alleged that they were not aware of any need for additional protection for plaintiff. Thus, this is not a case in which the government failed to provide protection when it had already decided protection was necessary. *Cf. Cohen v. United States*, 252 F.Supp. 679 (N.D.Ga.1966), *rev'd on other grounds*, 389 F.2d 689 (5th Cir.1967). Plaintiff himself acknowledges in his Complaint that prison officials quickly stepped in to break up the alleged assault. The allegations taken as a whole do not evidence a breach of the duty of ordinary care.

"The Government is not an insurer of the safety of a prisoner." *Jones v. United States*, 534 F.2d 53, 54 (5th Cir.1976), *cert. denied*, 429 U.S. 978, 97 S.Ct. 487, 50 L.Ed.2d 586 (1976). Instead, it must exercise only ordinary diligence to keep prisoners safe from harm. 18 U.S.C. 4042; *Hossic, supra*. Plaintiff has failed to establish any genuine issue of material fact regarding a breach of duty on the part of the defendant, and the defendant is entitled to judgment as a matter of law.

An appropriate Order will enter.

### ORDER

NOW, this 24th day of August, 1987, in accordance with the reasoning set forth in the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

(1) Summary judgment is granted in favor of defendant United States.

(2) The Complaint is dismissed.

(3) Any appeal from this Order will be deemed frivolous, lacking in probable cause and not in good faith.

(4) The Clerk of Court is directed to close this case.