Lisa Huntley **FLECHSIG**, Plaintiff,

v.

**UNITED STATES of America,**
**Defendant.**

**Civ. A. No. 91–80.**

United States District Court,
E.D. Kentucky,
Lexington.

Oct. 30, 1991.

Jeffery C. Duffey, Susan G. James, Montgomery, Ala., William M. Scalf, Lexington, Ky., for plaintiff.

Martin Hatfield, Asst. U.S. Atty., Lexington, Ky., for defendant.

## MEMORANDUM OPINION

FORESTER, District Judge.

This matter is before the court on the defendant's motion to dismiss, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, or in the alternative, for summary judgment. This motion has been fully briefed and is ripe for a decision.

## I. TYPE OF ACTION

This action arises out of an alleged incident occurring on February 18, 1988, when plaintiff was an inmate at the Federal Correction Institution ("FCI") in Lexington, Kentucky. Plaintiff states that on February 18, 1988, she had a medical appointment at the Lexington Clinic which required her to be transported from FCI Lexington to the Lexington Clinic. Plaintiff states that she was transported to and from Lexington Clinic by FCI correctional officer Bruce Trent. Plaintiff alleges that during the course of this trip for a medical appointment, officer Bruce Trent took her to his apartment and forced her to have sexual intercourse with him.

Plaintiff brought this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, against the United States pursuant to the provisions of 28 U.S.C. § 2671, *et seq.*, because the actions or omissions complained of were allegedly taken or omitted by agents, servants or employees of the United States of America.

The United States has moved to dismiss this action, pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction. As grounds for this motion, the defendant submits that this incident does not come within the purview of the FTCA because (1) the assault did not occur during the course of a search, seizure, or arrest, (2) Officer Trent was not

acting within the scope of his employment when he assaulted the plaintiff, and (3) there is no evidence that defendant knew or should have known of any possible danger in allowing Officer Trent to escort plaintiff to the Lexington Clinic; therefore, the defendant did not breach its duty to plaintiff under 18 U.S.C. § 4042.

## II. DISCUSSION

The basis for plaintiff's claim is found in the following provisions of the Federal Tort Claims Act: 28 U.S.C. § 1346(b), which states in part:

> (b) Subject to the provisions of chapter 171 of this title [28 USCS Sections 2671 *et seq.*], the district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

The exceptions to the FTCA are found in 28 U.S.C. § 2680, which states in relevant part, as follows:

> The provisions of this chapter [28 USCS §§ 2671, *et seq.*] and section 1346(b) of this title shall not apply to—
>
> .     .     .     .     .
>
> (h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: Provided That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter [28 USCS §§ 2671 *et seq.*] and section 1346(b) of this title shall not apply to any claim arising, on or after the date of the enactment of this proviso [enacted March 16, 1974], out of assault, battery, false imprisonment, false arrest, abuse of proces, or malicious prosecution. For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.

In its motion to dismiss this action the defendant contends that this court has no subject matter jurisdiction because (1) plaintiff was not assaulted during the course of a search, seizure, or arrest, (2) Officer Trent was not acting within the scope of his employment when he assaulted plaintiff, and (3) the defendant did not breach its duty to plaintiff imposed by 18 U.S.C. § 4042. Each of these grounds for dismissal is examined below:

### A. *The search, seizure, or arrest requirement*

■ Prior to March 16, 1974, a plaintiff had no cause of action under the FTCA for an assault and battery performed by an investigative or law enforcement officer who was empowered to execute searches, to seize evidence, or to make arrests for violations of federal law. However, in 1974, the FTCA was amended to include a cause of action thereunder for such acts by a law enforcement officer performed during the course of a search, seizure, or arrest. This amendment expanded the protection afforded by the FTCA.

It is undisputed that Officer Trent was the Medical Trips Officer at the time this alleged assault occurred. As the Medical Trips Officer, he was responsible for escorting FCI inmates to and from local medical clinics. Therefore, even though Officer Trent fits the definition of a "law enforcement officer," there is no dispute that this assault did not occur during the course of a search, seizure, or arrest. By reason thereof, the defendant submits that there is no liability under the FTCA. The court agrees with the defendant on this point.

### B. *Scope of employment*

28 U.S.C. § 1346(b) provides that the federal district courts have exclusive jurisdic-

tion of civil actions on claims against the United States for money damages for injury caused by the negligent or wrongful act or omission by a government employee while acting within the scope of his employment.

■ To determine whether the acts of a federal employee are within the scope of his employment, the court must apply state law. *Wilkinson v. Gray,* 523 F.Supp. 372 (E.D.Va.1981). In actions filed under the FTCA, the federal court must apply the agency law of the state where the act or omission occurred to determine whether the government employee was acting within the scope of his employment. *Cooner v. United States,* 276 F.2d 220 (4th Cir.1960).

■ The well-settled rule in Kentucky is that "it is not within the scope of a servant's employment to commit an assault upon a third person and the master is not liable for such an assault, though committed while the servant was about his master's business." *Southeastern Greyhound Lines v. Harder's Adm'x,* 281 Ky. 345, 136 S.W.2d 42, 45 (1940), citing, *John v. Lococo,* 256 Ky. 607, 76 S.W.2d 897, 898 (1934). Thus, since the master is responsible only for the acts of the servant within the scope of employment, it necessarily follows that if the servant steps aside from his master's business, for however short a period of time to do an act not connected with such business, the relation between master and servant is for that time suspended. *Creamer v. Kroger Grocery & Baking Co.,* 260 Ky. 544, 86 S.W.2d 288, 290 (1935).

Plaintiff cites the following cases to support her argument that Officer Trent was acting within the scope of his employment at the time he assaulted her: *Wood v. Southeastern Greyhound Line,* 302 Ky. 110, 194 S.W.2d 81 (1946) (actions were necessary to accomplish purpose of employment); *Commonwealth v. Hoover's Adm'r,* 274 Ky. 472, 118 S.W.2d 741 (1938) (employee exceeded permitted authority); *McBee's Adm'x v. Indian Head Mining Co.,* 280 Ky. 82, 132 S.W.2d 515 (1939) (negligent actions of the servant). However, the cases on which plaintiff relies are distinguishable because none of these cases

concern an employee's *intentional actions* that are contrary to any authority and adverse to the purpose of employment. Therefore, the case law on which plaintiff relies to support her claim that Officer Trent was acting within the scope of his employment is not applicable.

■ To reiterate, Officer Trent was assigned as the Medical Trips Officer at the time this assault occurred. His scope of employment was to escort FCI inmates to and from local medical clinics. It is undisputed that the act of Officer Trent in assaulting plaintiff was neither connected with nor executed in furtherance of the scope of his employment as the Medical Trips Officer. His actions in assaulting the plaintiff were clearly in his own self-interest and not in the interest of his employer. Plaintiff concedes that Officer Trent did not follow the procedure prescribed by his employer; therefore, his actions in assaulting her were outside the scope of his employment.

Clearly, Bruce Trent stepped aside from the business of the Bureau of Prisons and committed an assault. Under Kentucky law, Officer Trent was no longer acting within the scope of his employment. See *Southeastern Greyhound Lines v. Harder's Adm'x, supra;* and *Creamer v. Kroger Grocery & Baking Co., supra.* As such the requirement that the employee be acting within the scope of his employment for a violation of FTCA to occur has not been met.

## C. *Defendant's duty under 18 U.S.C. § 4042*

■ In *United States v. Muniz,* 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963), the United States Supreme Court held that the duty of care owed by the Bureau of Prisons to its inmates is established in 18 U.S.C. § 4042. Under this statute, the defendant has a duty to exercise ordinary diligence to keep inmates safe and free from harm. *Cowart v. U.S.,* 617 F.2d 112, 116 (5th Cir.1980), *cert. den.,* 449 U.S. 903, 101 S.Ct. 275, 66 L.Ed.2d 134 (1980).

However, the defendant is not an insurer of the safety of all inmates. The defendant's duty under § 4042 is not absolute; generally, it depends on the reasonableness under the circumstances. *Hossic v. U.S.*, 682 F.Supp. 23, 26 (M.D.Pa.1987); *Shepard v. Stidham*, 502 F.Supp. 1275, 1281 (M.D.Ala.1980); *Williams v. U.S.*, 384 F.Supp. 579, 583 (D.D.C.1974). More specifically, the warden's duty to his inmate is "to exercise reasonable care and diligence to protect the prisoner from danger, known to or which might reasonably be apprehended by him." *Turner v. Miller*, 679 F.Supp. 441, 443 (M.D.Pa.1987) (quoting *Muniz v. United States*, 280 F.Supp. 542, 547 (S.D.N.Y.1968). Since the defendant's duty of reasonable care is commensurate with the circumstances, reasonable care at a minimum security institution, such as FCI Lexington, is satisfied by less stringent supervision than would be required at a maximum security institution. *Jones v. United States*, 534 F.2d 53, 54 (5th Cir. 1976), *cert. den.* 429 U.S. 978, 97 S.Ct. 487, 50 L.Ed.2d 586 (1976). Thus, the extent of care prescribed by § 4042 varies with the risk that is apparent or reasonably foreseeable.

Plaintiff claims that the defendant breached its duty under § 4042 by not protecting her from the assault by Officer Trent. However, there is no indication that the defendant had any reason to know or should have known of the possible danger in allowing Officer Trent to escort her to the Lexington Clinic on February 18, 1988. Officer Trent's assault on the plaintiff apparently was the first time he had exhibited such behavior. The defendant advises that prior to this incident, it was unaware that Officer Trent had any predisposition for violence; therefore, the defendant had no way to foresee this incident.

Additionally, the defendant advises that Officer Trent's employment record with the Bureau of Prisons gave absolutely no indication that he could be a danger to the inmates he escorted to and from the prison. Thus, there was no basis to believe that he was capable of committing this assault, which was his first exhibition of violent behavior toward an inmate.

Clearly, plaintiff has not shown that the warden had any reason to anticipate violence from Officer Trent and failed to prevent it. *See Muniz v. United States*, 280 F.Supp. at 547. Therefore, plaintiff has likewise failed to show that the defendant violated its duty to her under § 4042.

### III. CONCLUSION

Based on the pleadings, the court is of the opinion that the intentional act of Officer Bruce Trent in assaulting plaintiff does not give plaintiff a cause of action under the Federal Tort Claims Act. This decision is based on the conclusion that (1) the assault did not occur during the course of a search, seizure, or arrest; (2) Officer Trent was not acting within the scope of his employment when he assaulted plaintiff; and (3) the defendant did not breach the duty owed to the plaintiff under 18 U.S.C. § 4042.

For all of these reasons, the court concludes that defendant's motion to dismiss this action for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), should be granted.