122 F.3d 1071
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Isaiah HILL, Petitioner-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 96-56647.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 3, 1997.
 
 Appeal from the United States District Court for the Central District of California Audrey B. Collins, District Judge, Presiding.
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Isaiah Hill, a Federal prisoner, appeals pro se the district court's grant of summary judgment in favor of the United States in his action brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-80 ("FTCA"), alleging a breach of the duty "to provide safekeeping," 18 U.S.C. § 4042. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, see Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm.
 
 
 3
 In his deposition, Hill stated that he asked prison authorities at USP Lompoc to transfer him from "L Unit" because he was afraid of being attacked. Prison officials offered to move inmate Hill to administrative segregation and Hill refused. Hill was subsequently attacked by another inmate.
 
 
 4
 Although the Bureau of Prisons has a duty to "provide for the safekeeping" of inmates, 18 U.S.C. § 4042, we have noted that prisons are, by their nature, dangerous places. See Berg v. Kincheloe, 794 F.2d 457, 461 (9th Cir.1986). Thus, we cannot conclude that the duty imposed by § 4042 renders prison officials insurers of prisoners' safety. Cf. Farmer v. Brennan, 511 U.S. 825, 844-45 (1994) (concluding that Eighth Amendment does not make prison officials insurers of prisoners' safety); Jones v. United States, 534 F.2d 53, 54 (5th Cir.1976) (concluding that § 4042 does not make prison officials insurers of prisoners' safety). Where prison officials offered Hill an alternative which, by Hill's admission, would have kept him safe from the attack, and Hill refused to accept this alternative, we cannot conclude that prison cfficials breached their duty of safekeeping toward Hill. See Farmer, 511 U.S. at 844-45.
 
 
 5
 Accordingly, we conclude that the district court did not err by granting summary judgment for defendant.
 
 AFFIRMED.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal