**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-7528**

SCOTT TYREE,

                Plaintiff – Appellant,

     v.

UNITED STATES OF AMERICA,

                Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:14-ct-03158-BO)

Submitted: February 19, 2016      Decided: March 23, 2016

Before MOTZ and FLOYD, Circuit Judges, and DAVIS, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Scott Tyree, Appellant Pro Se. Michael Bredenberg, Special Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Scott William Tyree, a federal prison inmate, appeals from the district court's order granting summary judgment to the Government in Tyree's suit filed under the Federal Tort Claims Act ("FTCA"). Tyree alleged that prison officials failed to protect him from, and failed to respond in a timely manner to, an attack by his cellmate. Based upon the Government's affidavits accompanying its motion for summary judgment, the district court ruled that the prison guards responded immediately to the altercation, and that Tyree did not assert a claim that prison officials should have known of the danger prior to the attack. On appeal, Tyree contends that the district court abused its discretion in entering summary judgment prior to discovery. We agree and remand for further proceedings.

We "review de novo a district court's award of summary judgment, viewing the facts and inferences reasonably drawn therefrom in the light most favorable to the nonmoving party." Woollard v. Gallagher, 712 F.3d 865, 873 (4th Cir. 2013). "Summary judgment is appropriate only if the record shows 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Id. (quoting Fed. R. Civ. P. 56(a)). The relevant inquiry on summary judgment is "whether the evidence presents a sufficient

2

disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). To withstand a summary judgment motion, the non-movant must produce competent evidence sufficient to reveal the existence of a genuine issue of material fact for trial. See Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) ("Conclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the non-moving party's] case." (internal quotation marks omitted)). We will uphold the district court's grant of summary judgment unless we conclude that a reasonable jury could return a verdict for the non-moving party on the evidence presented. See EEOC v. Cent. Wholesalers, Inc., 573 F.3d 167, 174-75 (4th Cir. 2009).

Under the FTCA, the Government has waived sovereign immunity for "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b) (2012). With respect to federal prisoners, the Supreme Court has determined that the duty of care owed by the Bureau of Prisons ("BOP") is fixed by 18 U.S.C. § 4042 (2012), independent of any inconsistent state rule. United States v. Muniz, 374 U.S. 150, 164-65 (1963). The BOP's duty of care owed to a prisoner is "the exercise of ordinary diligence to keep prisoners safe and

3

free from harm." Jones v. United States, 534 F.2d 53, 54 (5th Cir. 1976). Regarding prisoner placement, BOP personnel can only be deemed negligent in violation of this duty when personnel knew or reasonably should have known of potential problems between inmates. Parrott v. United States, 536 F.3d 629, 637 (7th Cir. 2008).

Rule 56(d) requires "that summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." Nguyen v. CNA Corp., 44 F.3d 234, 242 (4th Cir. 1995) (addressing predecessor to Rule 56(d)) (internal quotation marks omitted). The rule "is intended as a safeguard against a premature grant of summary judgment." King v. Cooke, 26 F.3d 720, 726 (7th Cir. 1994). Requests pursuant to the rule should be denied, however, "if the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." Ingle v. Yelton, 439 F.3d 191, 195 (4th Cir. 2006) (addressing predecessor to Rule 56(d)) (internal quotation marks omitted). We will not reverse the denial of a Rule 56(d) request unless there was "a clear abuse of discretion or, unless there is a real possibility the party was prejudiced by the denial of an extension." Id.

Here, Tyree, acting pro se, urged the district court to defer ruling on the motion for summary judgment until after he

had an opportunity for discovery. Specifically, Tyree asserted that the parties were in disagreement about the timeline of events. Tyree claimed that, after an emergency light was activated in his cell, he was beaten by his cellmate for five minutes before officers arrived. The officers averred that they responded immediately. Tyree claims that video surveillance and written reports in the control of the BOP would assist in determining the actual timeline. Tyree also asserted that prison records could show whether his cellmate had anything on his record that would have indicated that he should not have been housed with Tyree. Tyree also questioned whether the emergency system was fully operational, given that neither officer stated that they heard the emergency tone that is designed to activate together with the emergency light. The district court did not address Tyree's contentions or rule on Tyree's motion.

We find that discovery on these topics would potentially have created a genuine issue of material fact sufficient to defeat summary judgment. Accepting Tyree's assertions as true, prison officials did not respond for over five minutes after the emergency light was activated. The record is devoid of information regarding whether this alleged five minute delay was reasonable. See Palay v. United States, 349 F.3d 418, 432 (7th Cir. 2003) (providing scenarios whereby failure to respond in

5

timely manner could constitute negligence). Given that the affidavits in the record do not describe the same timeline and that Tyree's discovery requests could result in relevant evidence to which he would otherwise have no access, we conclude that the district court's failure to rule on Tyree's Rule 56(d) motion was an abuse of discretion.

While we express no opinion on the Government's defenses that were not addressed by the district court or the scope of proper discovery, we find that the district court erred in granting summary judgment based solely on the Government's disputed timeline without permitting discovery. Accordingly, we vacate and remand for further proceedings. We deny Tyree's motion to grant appeal by default. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>